EDWARD W. MATHEWS *vs.* FELIX M. ORLANDELLA & another.

Middlesex.    October 10, 1946. — November 5, 1946.

Present: FIELD, C.J., DOLAN, RONAN, WILKINS, & SPALDING, JJ.

*Contract*, For sale of real estate. *Equity Jurisdiction*, Specific performance. *Evidence*, Relevancy and materiality.

A decree for the plaintiff in a suit in equity against a husband and wife for specific performance of an agreement in writing for sale to the plaintiff of real estate, title to which stood in the name of the wife, was warranted by findings that, while the agreement was signed only by the husband, the wife had given him authority to act in her behalf; that both signed a deed for a conveyance on the date therefor stated in the agreement; that, since the conveyance was to be coincident with a loan to the plaintiff which needed approval by the United States Veterans Administration, it had been orally agreed that papers might be passed later should further time be needed to obtain such approval; that such approval was given; and that thereupon the plaintiff was ready and able to pass papers two days later than the date set in the agreement in writing.

In a suit in equity for specific performance of an agreement signed by a husband for sale of land standing in his wife's name, where the defendant wife contended that the husband's signature was without her authority, evidence of certain conversations with the husband in the presence of the wife respecting a first draft of the agreement was competent upon the question of the husband's authority.

---

BILL IN EQUITY, filed in the Superior Court on January 10, 1946.

The suit was heard by *Cabot*, J.

*L. Steinberg,* (*J. N. Cohen* with him,) for the defendants.

*M. Rosenthal,* for the plaintiff.

WILKINS, J.  The defendants, husband and wife, appeal from a final decree granting specific performance of a written agreement, signed by the plaintiff and the defendant husband, for the sale of certain real estate, the record title to which stood in the name of the defendant wife.  The judge found that the defendant wife authorized the defendant husband (hereinafter called the defendant) to sell whatever interest she had, whether it was in her own right or was merely an inchoate right of dower.  The evidence is reported, and the defendants contend that there is no evidence that the wife authorized a sale.  This contention must fail.  There was evidence of a conversation between a real estate broker and the defendant in the presence of the wife with respect to the signing of an agreement of sale, in the course of which the defendant said that the property was his, and that the agreement had not been drawn correctly.  Thereafter a new draft, containing a higher selling price, was signed by the plaintiff and the defendant.  The defendant testified that the wife consented to the sale after he spoke to her.  Later the defendant and the wife, pursuant to the agreement, executed a deed, which was taken by the defendant to the registry of deeds on Saturday, January 5, 1946, the date provided in the agreement for the passing of papers.  On that date the plaintiff was not present or represented at the registry, because he had not yet received the approval of a loan by the United States Veterans Administration.  There was, however, evidence supporting a finding, which the judge made, that it had been orally agreed that papers might be passed later should further time be needed to receive such approval.  The loan was approved, and the plaintiff was ready and able to pass papers, by January 7, but the defendants refused to do so.  The defendants concede that there was evidence of authority to convey on January 5.  This concession,

which is inevitable upon the record, puts them out of court in view of other permissible findings. The judge was not required to accept the defendant's testimony to the effect that the wife had signed the deed reluctantly and would not authorize a sale to be made later than January 5. There is no merit in the contention that the plaintiff has not sustained the burden of proof.

There was no error in the denial of the defendants' motion to strike out the testimony of the conversations with the defendant in the presence of the wife respecting the first draft of the agreement. The testimony, relating as it did to events preceding the execution of the deed by the wife, was clearly competent upon the issue of the defendant's authority. The ruling being correct, it is of no consequence whether the reason assigned by the judge was accurate. *Randall* v. *Peerless Motor Car Co.* 212 Mass. 352, 384. *Nickerson* v. *Allen,* 293 Mass. 136, 138–139. *Alderman* v. *Noble,* 296 Mass. 30, 33. *Cousbelis* v. *Alexander,* 315 Mass. 729, 732. See *Bendett* v. *Bendett,* 315 Mass. 59, 60–61.

*Decree affirmed with costs.*