COMMONWEALTH *vs.* LOUIS A. SIGNORINE.

Plymouth. December 5, 1988. — March 22, 1989.

Present: HENNESSEY, C.J., ABRAMS, NOLAN, LYNCH, & O'CONNOR, JJ.

*Controlled Substances. Constitutional Law,* Search and seizure, Admissions and confessions. *Search and Seizure,* Warrant, Probable cause, Automobile on private property, Affidavit. *Probable Cause. Practice, Criminal,* Disclosure of identity of informer, Instructions to jury. *Evidence,* Cross-examination, Exculpatory, Judicial discretion, Admissions and confessions.

An affidavit in support of an application for a search warrant, which was sufficient to establish probable cause authorizing the search of a particularly described residence, justified the search of an automobile, registered to the wife of the owner of the residence and under the owner's control, which was located within the curtilage of the premises at the time the warrant was executed. [402-405]

There was no abuse of discretion in a judge's refusing to permit an inquiry into the identity of a confidential informant on whom police relied in preparing an affidavit in support of a search warrant, where affidavits submitted by the defendant failed to demonstrate that either the affiant or the informant made any misstatement of fact. [405-407]

At a criminal trial, the judge did not abuse his discretion in limiting cross-examination of two prosecution witnesses regarding the identity and role of a confidential informant on whom police had relied in preparing an affidavit in support of a search warrant, where the evidence the defendant sought had no tendency to exculpate him. [407-408]

The judge in a criminal case did not err in admitting, as voluntarily made, a statement by the defendant during a telephone conversation with his brother-in-law which was overheard by a police officer, where the judge's findings indicated that the defendant, without any request or desire for privacy, chose a telephone which was located about six feet from the police officer who overheard the statement. [408-409]

At a criminal trial, the judge's instructions to the jury regarding circumstantial evidence did not trivialize the presumption of innocence or the Commonwealth's burden of proof, so as to constitute constitutional error. [409-410]

INDICTMENTS found and returned in the Superior Court Department on October 17, 1984.

Motions to suppress evidence were heard by *Chris Byron*, J., and the cases were tried before him.

The Supreme Judicial Court on its own initiative transferred the case from the Appeals Court.

*Constance L. Rudnick (Edward R. Gargiulo & Paul Griffin* with her) for the defendant.

*Mary Ellen O'Sullivan*, Assistant District Attorney, for the Commonwealth.

LYNCH, J. On April 15, 1986, a jury convicted the defendant, Louis A. Signorine, of trafficking in cocaine in excess of 100 grams but less than 200 grams, and unlawful possession of marihuana. The judge ordered the unlawful possession of marihuana conviction placed on file. The defendant appealed to the Appeals Court. A single justice of that court stayed execution of the defendant's sentence pending appeal. We transferred the case here on our own motion.

The defendant challenges his cocaine trafficking conviction on several grounds. He argues that the judge erred in (1) denying his motion to suppress physical evidence, (2) refusing to permit an inquiry into an informant's identity, (3) curtailing the defendant's cross-examination of prosecution witnesses regarding the informant, (4) admitting the defendant's inculpatory statement made during a telephone call at the police station, and (5) instructing the jury on circumstantial evidence. We affirm.

On August 30, 1984, two detectives with the Brockton police department applied for and received a warrant authorizing the search of the defendant's residence, as well as two automobiles on the premises. The warrant authorized a search for: "white powder substance, cocaine, as being defined as a controlled substance under [G. L. c. 94C], and scales, packaging materials, drug records, cash." The affidavit in support of the warrant indicated that the police had received information from a confidential, reliable informant regarding the informant's purchase of cocaine from a man named "Louie" at the defendant's address. The affidavit also contained information from the

informant that the house was "loaded"; that one pound of cocaine was to be delivered that evening; that the informant "observed a gray Lincoln [automobile] containing a white male, drive up to the house and exit the vehicle carrying an attaché case"; and that a "short period of time later, this individual got into the Lincoln, empty-handed."

As the officers assigned to execute the warrant were enroute to the defendant's house, they observed the defendant driving an automobile described in the warrant. Two officers stopped the defendant, and the defendant agreed to return to his house with the officers. The search of the house disclosed a glassine bag of marihuana and a small plastic vial containing "the butt ends of several marihuana cigarettes," a glassine bag containing .4 grams of cocaine, three bottles of vitamin B complex, a known cutting agent in the packaging of cocaine, a mirror with two line indentations, a playing card, and two cut straws. A search of the automobile the defendant was driving, which was registered in his wife's name, revealed a hollowed-out oil can in a grocery bag. The oil can contained a white rock substance which, when analyzed, consisted of 112.2 grams of ninety-eight per cent pure cocaine.

The defendant was arrested and taken to the police station. In the course of a telephone conversation, in the presence of one of the detectives, the defendant stated, "Lou, I'm under arrest at the police station for doing what Debbie told me I was going to get caught doing."

1. *Motion to suppress physical evidence.* The defendant argues that the evidence seized pursuant to the search warrant should be suppressed because the affidavit lacked sufficient probable cause to support a search of both the defendant's residence and the automobiles described in the warrant. In reference to the authorized search of the automobiles the judge ruled: "[S]ince the magistrate had probable cause to believe the defendant dealt with illegal drugs, it is not unreasonable to extend that connection and infer that the contraband could be in defendant's automobile." On appeal, the defendant challenges the denial of his motion only as it relates to the contraband seized from the automobile arguing (1) that the affidavit

failed to set forth facts upon which the magistrate could conclude there was probable cause to believe the automobile would contain contraband, and (2) that, in these circumstances, the search of the automobile was prohibited by art. 14 of the Massachusetts Declaration of Rights because the warrant, to the extent it included the automobiles, was not based on probable cause. We conclude that the scope of a warrant authorizing the search of a particularly described residence includes any automobiles, owned or controlled by the owner of such residence, which are located within the curtilage of the premises at the time the warrant is executed.[1]

The defendant concedes that the affidavit established sufficient probable cause authorizing a search for controlled substances of the residence belonging to the defendant and his wife. Once the warrant authorizes the search, "[a] lawful search of [a] fixed premises generally extends to the entire area in which the object of the search may be found and is not limited by the possibility that separate acts of entry or opening may be required to complete the search." *United States* v. *Ross*, 456 U.S. 798, 820-821 (1982). In *Ross*, the Supreme Court noted "a warrant that authorizes an officer to search a home for illegal weapons also provides authority to open closets, chests, drawers, and containers in which the weapon might be found." *Id.* at 821.

It is a well-settled principle under both Federal law and the law of other jurisdictions that the scope of a warrant authorizing the search of a particularly described premises, includes automobiles owned or controlled by the owner thereof, which are found on the premises. See, e.g., *United States* v. *Asselin*, 775 F.2d 445, 447 (1st Cir. 1985) (search warrant for premises justified search of disabled automobile parked adjacent to car-

---

[1] Although to justify the seizure neither the Commonwealth nor the judge relied on this theory, the general rule is that, if the evidence is admissible, "it is of no consequence whether the reason assigned by the judge was accurate." *Mathews* v. *Orlandella*, 320 Mass. 386, 388 (1946). Cf. *Service Publications, Inc.* v. *Goverman*, 396 Mass. 567, 572 (1986); *Commonwealth* v. *Mandeville*, 386 Mass. 393, 397 (1982); *North Shore Corp.* v. *Selectmen of Topsfield*, 322 Mass. 413, 416 (1948).

port); *United States* v. *Bulgatz*, 693 F.2d 728, 730 n.3 (8th Cir. 1982), cert. denied, 459 U.S. 1210 (1983) (warrant for premises authorized search of automobile parked in attached garage); *United States* v. *Freeman*, 685 F.2d 942, 955 (5th Cir. 1982) (warrant authorizing search of premises justified search of automobile parked on premises); *United States* v. *Cole*, 628 F.2d 897, 899 (5th Cir. 1980), cert. denied, 450 U.S. 1043 (1981) (search of truck parked in carport attached to rear apartment authorized by warrant); *United States* v. *Napoli*, 530 F.2d 1198, 1200 (5th Cir.), cert. denied, 429 U.S. 920 (1976) (search of camper parked in driveway authorized by warrant); *Brooks* v. *United States*, 416 F.2d 1044, 1050 (5th Cir.), cert. denied sub nom. *Nipp* v. *United States*, 400 U.S. 840 (1969) (warrant authorizing search of cabin and lot included automobile parked near cabin). See also *United States* v. *Griffin*, 827 F.2d 1108, 1113 n.3 (7th Cir. 1987), cert. denied, 485 U.S. 909 (1988); *United States* v. *Bonner*, 808 F.2d 864, 868 (1st Cir. 1986), cert. denied, 481 U.S. 1006 (1987); *In re One 1970 Ford Van*, 111 Ariz. 522, 523 (1975); *People* v. *Elliott*, 77 Cal. App. 3d 673, 689 (1978); *Louis* v. *State*, 188 Ga. App. 435, 437 (1988); *Massey* v. *Commonwealth*, 305 S.W.2d 755, 756 (Ky. Ct. App. 1957); *State* v. *Lewis*, 270 N.W.2d 891, 897 (Minn. 1978); *State* v. *Reid*, 286 N.C. 323, 326 (1974); *Leslie* v. *State*, 294 P.2d 854, 855-856 (Okla. Crim. App. 1956); *Long* v. *State*, 532 S.W.2d 591, 595-596 (Tex. Crim. App. 1975), cert. denied, 425 U.S. 937 (1976).

Thus, the issue before us is whether art. 14 affords the defendant any greater protection in these circumstances.[2] In other contexts we have read the description of the premises to be searched in a commonsense rather than hypertechnical fashion so as to include areas not specifically mentioned in the warrant and areas where the police lacked independent probable

---

[2] Even though the police stopped the defendant while he was away from his house, and he drove the automobile back to the house where it was subsequently searched, there is no argument before us that the defendant returned involuntarily. It appears that the defendant willingly accompanied the police in order to facilitate entry into the house.

cause to suspect that the object of the search would be found. See, e.g., *Commonwealth* v. *Scala*, 380 Mass. 500, 508-509 (1980); *Commonwealth* v. *Snow*, 363 Mass. 778, 790 (1973). See also *Commonwealth* v. *Pacheco*, 21 Mass. App. Ct. 565, 567-568 (1986). Compare *Commonwealth* v. *Hall*, 366 Mass. 790, 799-800 & n.11 (1975). We note that here, in searching the automobile at the residence, the police did not rely solely on the description of the residence. Rather, the warrant specifically described the automobile as one of the places to be searched as recommended by the decisions authorizing the search of an automobile found on the premises. See, e.g., *United States* v. *Percival*, 756 F.2d 600, 612 (7th Cir. 1985).

It is clear that a valid search may include any area, place, or container reasonably capable of containing the object of the search. *Commonwealth* v. *Wills*, 398 Mass. 768, 774 (1986). *Commonwealth* v. *Lett*, 393 Mass. 141, 147-148 (1984). There is nothing in art. 14 or the particularity requirement of G. L. c. 276, § 2 (1986 ed.), that requires that automobiles found on the premises be treated differently. "Although a car is less fixed than a closet or cabinet . . . it is no less fixed than a suitcase or handbag found on the premises, both of which can be readily searched under [*United States* v. *Ross*, 456 U.S. 798 (1982)] if capable of containing the object of the search." *United States* v. *Percival*, *supra*, at 612. Here, the object of the search was moveable contraband that could be secreted in innumerable places, including the defendant's automobile.[3] Requiring law enforcement officers to establish independent probable cause before they may search places within the curtilage (including automobiles), but beyond the four walls of the residence, would be unduly burdensome on police without providing defendants any significant additional constitutional protection.

2. *Motion for disclosure of informant's identity.* The defendant filed a pretrial motion seeking an order compelling the

---

[3] The police found the cocaine hidden within a hollowed-out can of oil which was inside a bag of groceries. The police seized a similar, yet empty, oil can from a shelf in the defendant's basement. It is unclear whether the empty can in the cellar was discovered prior to the search of the automobile.

Commonwealth to disclose to defense counsel, or in the alternative to the judge through an in camera interview, the identity of the confidential informant referred to in the affidavit in support of the search warrant. The defendant sought the informant's identity so he could challenge the truthfulness of the factual statements made in the affidavit. See *Franks* v. *Delaware*, 438 U.S. 154 (1978).[4] The defendant claimed that the confidential informant's "reckless" and "wilful" misstatements of fact "indicate a reckless disregard for the truth by the affiant."[5] The judge denied the defendant's motion, concluding that the defendant failed to show "that there was an intentional or reckless misstatement in any affidavit submitted in support of the search warrant."

In *Commonwealth* v. *Douzanis*, 384 Mass. 434 (1981), we noted that, "[a]lthough the defendants did not make a sufficient showing to require the holding of a *Franks*-type hearing as a matter of constitutional right, we have acknowledged the right of a trial judge, in his discretion, 'to hold a hearing merely on a showing that an affidavit contained misstatements of fact, particularly material misstatements.' " *Id.* at 439, quoting *Com-*

---

[4] In *Franks*, the United States Supreme Court held that, "where the defendant makes a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit, and if the allegedly false statement is necessary to the finding of probable cause, the Fourth Amendment requires that a hearing be held at the defendant's request. In the event that at that hearing the allegation of perjury or reckless disregard is established by the defendant by a preponderance of the evidence, and, with the affidavit's false material set to one side, the affidavit's remaining content is insufficient to establish probable cause, the search warrant must be voided and the fruits of the search excluded to the same extent as if probable cause was lacking on the face of the affidavit." *Franks* v. *Delaware, supra* at 155-156.

[5] The affidavit stated that during the evening of August 29, 1984, the informant "observed a gray Lincoln containing a white male, drive up to the house and exit the vehicle, carrying an attaché case. A short period of time later, this individual got into the Lincoln, empty-handed." The defendant submitted affidavits from three individuals who were at the Signorine residence at various times during the evening hours of August 29. The three individuals stated that they did not observe any person arrive in a gray Lincoln automobile and deliver an attaché case.

*monwealth* v. *Nine Hundred & Ninety-two Dollars*, 383 Mass. 764, 775 n.12 (1981).

The defendant challenged as false the informant's statement included in the affidavit[6] that, during the evening of August 29, an individual entered the Signorine house with an attaché case and departed empty-handed after a short period of time. Affidavits submitted by the defendant represented that none of the three people visiting the defendant's house noticed any such delivery, but did not deny that such an event had occurred. The defendant's affidavits therefore failed to demonstrate that either the affiant or the informer made any misstatement of fact. See *Commonwealth* v. *Nine Hundred & Ninety-two Dollars, supra* at 775. While the judge, in his discretion, could have held a preliminary hearing, it was not an abuse of discretion for him to refuse to do so.[7] See *Commonwealth* v. *Ramos*, 402 Mass. 209, 215-216 (1988).

3. *Cross-examination.* The defendant argues that the judge abused his discretion in limiting cross-examination of two prosecution witnesses regarding the identity and role of the confidential informant. The defendant wished to explore the theory that the informant had both the motive and opportunity to "plant" the cocaine in the defendant's automobile, and thus the judge's limitation violated his constitutionally protected right to confrontation. See *Commonwealth* v. *Graziano*, 368 Mass. 325, 329-330 (1975). The proposed line of questioning would have tended to reveal information about the informant that could lead to his identification by the defendant.

While "[a] defendant may introduce evidence that tends to show that another person committed the crime or had the motive, intent, and opportunity to commit it . . . '[t]he evidence

---

[6] The affiant received the information of the confidential informant from another police officer. However, "[t]he fact that the affiant reported truthfully what another law enforcement officer told him should not insulate that other officer's statements from scrutiny as to their truthfulness or their recklessness." *Commonwealth* v. *Nine Hundred & Ninety-two Dollars, supra* at 772-773 n.8

[7] We note that during the trial, the judge allowed a voir dire cross-examination of both the affiant and the officer who dealt with the informant.

should not be too remote in time or too weak in probative quality, and it should be closely related to the facts of the case against the defendant.' " *Commonwealth* v. *Harris*, 395 Mass. 296, 300 (1985), quoting *Commonwealth* v. *Graziano, supra*. The admissibility of such evidence rests in the sound discretion of the trial judge, which although not absolute, "will not ordinarily be disturbed by an appellate court." *Commonwealth* v. *Murphy*, 282 Mass. 593, 598 (1933). See *Commonwealth* v. *Harris, supra*; *Commonwealth* v. *Graziano, supra* at 330.

Before limiting the scope of cross-examination, the judge allowed the defendant, through a voir dire of the witnesses[8] to explore fully the informant's role in the investigation as well as his or her criminal background. This evidence warrants a conclusion that the informant was on or near the defendant's premises the night before the police executed the warrant. However, presence alone does not support a claim that the informant "planted" 112 grams of ninety-eight per cent pure cocaine, especially since there is no claim that the informant "planted" the cocaine and marihuana found inside the defendant's house. Although there was evidence that the informant had a prior criminal record, there was no evidence of any pending charges against the informant or that the police paid the informant for the information. It was not an abuse of discretion to limit cross-examination where the evidence sought had no tendency to exculpate the defendant.

4. *Motion to suppress statements*. The defendant also argues that the judge erred in admitting a statement the defendant made during a telephone conversation with his brother-in-law which was overheard by a police officer. In a pretrial order the judge suppressed several inculpatory statements, finding that the defendant did not knowingly, intelligently, and voluntarily waive his constitutional rights. The order regarding the inculpatory telephone conversation overheard by the police was, as later admitted by the judge, "ambiguous."[9] Just prior

---

[8] See note 7, *supra*.

[9] In the margin of his order, the judge stated: "Assuming, without deciding, that defendant had made a valid waiver, and his statements should be

to trial, the prosecutor requested that the judge clarify the portion of the order relating to the telephone conversation. After reviewing the order, the judge indicated that he intended to suppress all of the defendant's statements to the police, but that the defendant's statement during the telephone conversation was made "voluntarily" and "without any attempt to have any privacy" and therefore was admissible.

"In reviewing a judge's determination that a defendant voluntarily made statements to the police, we will afford substantial deference to a judge's ultimate findings and uphold a judge's subsidiary findings if warranted by the evidence." *Commonwealth* v. *McCauley*, 391 Mass. 697, 700 (1984). "When determining voluntariness, 'the court must assess the totality of relevant circumstances to ensure that the defendant's [statement] was a free and voluntary act and was not the product of inquisitorial activity which had overborne his will.'" *Id.* at 700-701, quoting *Commonwealth* v. *Mahnke*, 368 Mass. 662, 680 (1975), cert. denied, 425 U.S. 459 (1976).

In regard to the telephone conversation the judge found that the defendant, without any request or desire for privacy, chose a telephone which was located about six feet from the police officer who overheard the statement. See *Commonwealth* v. *Trigones*, 397 Mass. 633, 643 (1986). There was no error.

5. *Jury instructions.* Lastly, the defendant argues that the judge's charge deprived the defendant of a fair trial and constitutes reversible error because the instructions "trivialized" the jury's decision-making process.

In reviewing the judge's charge, "the adequacy of instructions must be determined in light of their over-all impact on the jury." *Commonwealth* v. *Callahan*, 401 Mass. 627, 631 (1988), quoting *Commonwealth* v. *Sellon*, 380 Mass. 220, 231-232 (1980). While the judge's charge regarding circumstantial evidence may have been longer and contained more

admissible, I would not be inclined to offer further protection to the statements he made during his phone call which were overheard by police. Defendant cannot claim an expectation of privacy in a phone conversation initiated by him, and made without any request for or intimation of desire for privacy."

examples than was necessary to convey adequately the concept of circumstantial and direct evidence, the charge did not trivialize the defendant's presumption of innocence or the Commonwealth's burden of proof, so as to constitute constitutional error. See *Commonwealth* v. *Ferreira*, 373 Mass. 116, 128-129 (1977). There was no error.

*Judgment affirmed.*