## COMMONWEALTH vs. ELBERT CARTER, JR.

No. 94-P-1001.

Berkshire. September 13, 1995. - November 22, 1995.

Present: DREBEN, LAURENCE, & LENK, JJ.

Further appellate review granted, 422 Mass. 1103 (1996).

*Search and Seizure*, Standing to object. *Constitutional Law*, Search and seizure, Standing, Privacy. *Privacy*. *Evidence*, Relevancy and materiality.

The record of criminal proceedings supported the defendant's assertion that his failure to move to suppress certain evidence before trial, in accordance with Mass.R.Crim.P. 13 (c) (2), should be excused where the factual basis for such a motion could not have been determined before trial from police reports and became known only during trial through a police officer's testimony. [440-441]

A criminal defendant who had no ownership interest in a certain four-family house, who was not a tenant in any of the apartments and was merely visiting a person in a first-floor apartment did not have a reasonable expectation of privacy in a second-floor porch where he was seen crouching as police sought to execute a warrant for his arrest and where police later found the defendant's wallet and a quantity of cocaine. [441-443]

At a criminal trial there was no error in the judge's exclusion of certain evidence where it was irrelevant to the issues at trial. [443]

INDICTMENT found and returned in the Superior Court Department on August 20, 1992.

A pretrial motion to suppress evidence was heard by *Richard F. Connon*, J., and the case was tried before *William H. Welch*, J.

*David J. Barend* for the defendant.

*Joan M. McMenemy*, Assistant District Attorney, for the Commonwealth.

DREBEN, J. Notified that the defendant, for whom an arrest warrant was outstanding,[1] might be at 158 Bradford Street in Pittsfield, Detective David Granger and other members of the Pittsfield police department went to that location.[2] Although the defendant attempted to elude the police, Granger eventually arrested him and escorted him, handcuffed, to a police cruiser. Prior to the defendant's arrest, Granger had seen him crouching in a corner of an enclosed second-floor porch. After placing the defendant in the cruiser, Granger reentered the house and went to the corner of the second-floor porch where he had seen the defendant. There, among a pile of boxes containing empty bottles and debris, he saw a wallet, later determined to be the defendant's, and a plastic bag. In the bag were thirty-nine smaller bags containing white chunks, later determined to consist of 4.81 grams of cocaine. The defendant was subsequently indicted and convicted of possession with intent to distribute a class B substance.

In his appeal from that conviction, the defendant argues that Granger's warrantless reentry of the house to search the porch after the defendant had been arrested was illegal and that the drugs, the fruits of the illegal search, should not have been admitted in evidence. He also claims error in the exclusion of the defendant's statement to a witness that she should not use cocaine. We affirm the defendant's conviction.

1. *Suppression of drugs.* Although the defendant sought by motion prior to trial to suppress his inculpatory statements, he did not move to suppress the drugs. At trial he claimed this failure was because the police report indicated that the search took place at the same time as the arrest, and he only discovered through Granger's testimony at trial that the search of the porch occurred after the defendant's arrest and placement in the cruiser. Contrary to the Commonwealth's contention, a review of the police report and the

---

[1]The arrest warrant was for breaking and entering in the nighttime and malicious destruction of property.

[2]The defendant had been visiting someone in an apartment on the first floor.

trial testimony supports the defendant's position that the chronological order of events was not known prior to trial.[3] Accordingly, the defendant cannot be faulted for failing to comply with Mass.R.Crim.P. 13(c) (2), 378 Mass. 873 (1979).[4] See *Commonwealth v. Adams*, 389 Mass. 265, 270 n.1 (1983); Mass.R.Crim.P. 15(c), 378 Mass. 884 (1979); Smith, Criminal Practice & Procedure § 1288 (2d ed. 1983 & Supp. 1995).

We need not pass on the defendant's claim that the judge's reasons for denying the defendant's attempt to exclude the evidence were insufficient[5] as there is another valid basis for the admission of the drugs. See *Commonwealth* v. *Signorine*, 404 Mass. 400, 403 n.1 (1989) ("Although . . . neither the Commonwealth nor the judge relied on this theory, the general rule is that, if the evidence is admissible, 'it is of no consequence whether the reason assigned by the judge was accurate' "). See also *Commonwealth* v. *Osorno*, 30 Mass. App. Ct. 327, 332 n.8 (1991); *Commonwealth* v. *Dise*, 31 Mass. App. Ct. 701, 705 (1991).

In contrast to the Federal rule, see *United States* v. *Salvucci*, 448 U.S. 83, 90-92 (1980), which abolished the

---

[3]Granger's police report states: "Carter came down off of the house roof and was arrested. As he was brought out for transport I went up and looked on the area of the porch where I had seen him. I went to the outside corner of the porch where I had first saw him and almost immediately located his wallet and a bag of Crack Cocaine next to it."

In his trial testimony Granger stated that he went to the back porch *after* he had placed the defendant in the cruiser.

[4]That rule provides: "A defense or objection which is capable of determination without trial of the general issue shall be raised before trial by motion."

[5]The judge made no findings. In rejecting the defendant's repeated requests to exclude the evidence and to strike it, the judge appears to have considered that the evidence was abandoned or obtained incident to an arrest. The defendant argues that the drugs were not abandoned and, citing *Commonwealth* v. *Pena*, 31 Mass. App. Ct. 201, 206-207 (1991), claims that, even if they were abandoned, the Commonwealth must show that the police were legally entitled to enter the private porch. He also relies on G. L. c. 276, § 1, pointing out that there is no suggestion in the record that the police believed the defendant to have been armed. He argues that the search was not made to seize evidence of the crime for which the arrest had been made or to remove any weapons.

rule of automatic standing established in *Jones* v. *United States*, 362 U.S. 257 (1960), in Massachusetts, under State constitutional law, a defendant who is charged with a crime "in which possession of the seized evidence at the time of the contested search is an essential element of guilt," has automatic standing to challenge the legality of a search in a house. *Commonwealth* v. *Amendola*, 406 Mass. 592, 601 (1990). As explained in *Commonwealth* v. *Frazier*, 410 Mass. 235, 244 n.3 (1991), and in *Commonwealth* v. *Montanez*, 410 Mass. 290, 301-303 (1991), that, however, does not end the inquiry. Once automatic standing has been established, a determination that is dependent on the allegations made by the Commonwealth, *Commonwealth* v. *Frazier*, 410 Mass. at 244 n.3, a separate question arises under State law, namely, whether a search in the constitutional sense has taken place. *Ibid. Commonwealth* v. *Montanez*, 410 Mass. at 301. While Massachusetts courts "do not necessarily reach the same result as under Fourth Amendment analysis," the question is "whether the police conduct has intruded on a constitutionally protected reasonable expectation of privacy. The measure of the defendant's expectation of privacy is (1) whether the defendant has manifested a subjective expectation of privacy in the object of the search, and (2) whether society is willing to recognize that expectation as reasonable." 410 Mass. at 301 (citations omitted).

Even if the defendant may have had a subjective expectation of privacy in the second-floor porch, that expectation was not reasonable. The building was a four-family house with two apartments on the second floor and two on the first floor. The defendant did not own the place involved, was not a tenant, and was not an invitee of the second-floor apartment dweller. He had merely visited a friend on the first floor. Since the defendant had no constitutionally protected reasonable expectation of privacy in the second-floor porch, the conduct of the police did not constitute a search as to

him in the constitutional sense.[6] The drugs were properly admitted.

2. *Exclusion of witness's statement.* During the direct examination of a defense witness, the friend whom the defendant had visited, the judge sustained the Commonwealth's objection to defense counsel's questioning about the conversation the defendant had had with the witness. In reply to the judge's inquiry as to what he expected from the witness that would not be hearsay, defense counsel stated: "Well, I expect they ha[d] a conversation about her use of cocaine, and he told her not to use it."

At trial, defense counsel did not state the precise legal grounds for his objection, see Mass.R.Crim.P. 22, 378 Mass. 892-893 (1979), and only on appeal takes the position that the evidence was offered to show the defendant's state of mind. Moreover, and more important, whether the defendant told his friend that she should not use drugs is not relevant to the question whether he possessed the cocaine that was found on the porch with an intent to distribute it. He was not charged with distribution to the friend, and his statement does not bear on his intent to sell the cocaine to others. There was no error in excluding the defendant's statement.

*Judgment affirmed.*

[6]The defendant relies on *Commonwealth* v. *Frazier*, 410 Mass. at 245, to allow him to challenge the search. In that case, the defendant was convicted of trafficking based upon cocaine seized from a handbag of a woman with whom he was acting in concert. In *Commonwealth* v. *Santaliz*, 413 Mass. 238, 240 n.5 (1992), the defendant was charged on the basis that he had joint and constructive possession of the drugs with one Torrez. As a result, it was held that he could challenge her arrest and the search and seizure from her of the drugs. *Frazier* and *Santaliz* depend on the relationship the defendant had to the drugs possessed by the other persons. See *Commonwealth* v. *Garcia*, 34 Mass. App. Ct. 386, 390 n.5 (1993). See and compare *United States* v. *Padilla*, 508 U.S. 77, 81-82 (1993).