COMMONWEALTH vs. ELBERT CARTER, JR.

Berkshire. December 2, 1996. - March 11, 1997.

Present: WILKINS, C.J., ABRAMS, LYNCH, O'CONNOR, & GREANEY, JJ.

*Search and Seizure,* Standing to object, Expectation of privacy. *Constitutional Law,* Search and seizure, Standing. *Privacy.*

A defendant charged with constructive possession of a controlled substance, who had automatic standing therefore to contest the legality of the search and seizure of the evidence, did not demonstrate any constitutionally protected reasonable expectation of privacy in the place, a third person's porch, where the controlled substance was found; as a consequence, no search in the constitutional sense had taken place and the defendant was not entitled to suppression of the evidence. [410-412]

INDICTMENT found and returned in the Superior Court Department on August 20, 1992.

A pretrial motion to suppress evidence was heard by *Richard F. Connon,* J., and the case was tried before *William H. Welch,* J.

After review by the Appeals Court, the Supreme Judicial Court granted leave to obtain further appellate review.

*David J. Barend* for the defendant.

*Joan M. McMenemy,* Assistant District Attorney, for the Commonwealth.

WILKINS, C.J. In this case, we define circumstances in which our rule applies that grants a criminal defendant automatic standing to challenge the constitutionality of the seizure of evidence, the possession of which is an element of the crime charged.

In *Commonwealth* v. *Amendola,* 406 Mass. 592 (1990), we held, as a matter of State constitutional law, that a defendant charged with a crime in which possession of seized evidence is an element of the crime is "deemed to have standing to contest the legality of the search and the seizure of that evidence." *Id.* at 601. In affirming the defendant's conviction in

this case of possession of a controlled substance with intent to distribute, the Appeals Court held that, although the defendant had automatic standing to challenge the seizure of cocaine, there was no search in a constitutional sense because he failed to demonstrate that he had a constitutionally protected reasonable expectation of privacy in the area that the police searched. *Commonwealth* v. *Carter,* 39 Mass. App. Ct. 439, 442 (1995).

We granted the defendant's application for further appellate review to consider his argument that, if a defendant has automatic standing to challenge the seizure of property, the defendant need not also establish that he had a reasonable expectation of privacy in the area searched. The defendant contends that, if he has automatic standing and if someone else, anyone, had a reasonable expectation of privacy in the area searched at the time it was searched and that person's constitutional rights were violated, the evidence must be suppressed. The defendant reads our cases too broadly. We agree with the Appeals Court that, in this case, the defendant had to demonstrate that he had a reasonable expectation of privacy in the area where the contraband was seized. We affirm the judgment.

On May 25, 1992, five Pittsfield police officers went to 158 Bradford Street to serve a warrant for the arrest of the defendant on charges of breaking and entering in the nighttime and malicious destruction of property. The defendant was visiting an occupant of one of the building's two first-floor apartments. Detective David Granger and one other officer went to the rear of the building. The other three officers entered the front of the building. Shortly thereafter, Detective Granger saw the defendant crouching in a corner of an enclosed second-floor porch. Later, the defendant was on the roof of the building. He ultimately came down and was arrested. Detective Granger took him to a police cruiser and then returned to the second-floor porch where he found the defendant's wallet and a plastic bag later shown to contain cocaine.[1]

We have granted a defendant automatic standing to chal-

---

[1]The Appeals Court rather generously concluded that defense counsel had no advance warning that the search of the porch occurred after the defendant was in the police cruiser. It, therefore, accepted the propriety of the defendant's moving to suppress the evidence when the facts became

lenge the seizure of property in the possession of another at the time of the search, if the defendant has been charged with the constructive possession of that property at that time. See *Commonwealth* v. *Alvarado,* 420 Mass. 542, 543 n.2 (1995); *Commonwealth* v. *Santaliz,* 413 Mass. 238, 240 n.5 (1992); *Commonwealth* v. *Frazier,* 410 Mass. 235, 243 (1991). Contrast *Commonwealth* v. *Mora,* 402 Mass. 262, 266-267 (1988).[2] In such a situation we have not required that the defendant show that he had a reasonable expectation of privacy in the area searched. Such a defendant and his confederate are treated, in effect, as one for the purpose of deciding whether there was a reasonable expectation of privacy, otherwise the person who carried the contraband might go free (because of suppression of the evidence) and the defendant confederate would not. See *Commonwealth* v. *Frazier, supra*; *Commonwealth* v. *Carter, supra* at 443 n.6 (*"Frazier* and *Santaliz* depend on the relationship the defendant had to the drugs possessed by the other persons").[3]

In other situations, such as the one this case presents, where suppression is sought under art. 14 of the Declaration of Rights of the Massachusetts Constitution, if the "defendant has standing under our rule for State constitutional purposes, we then determine whether a search in the constitutional sense has taken place." *Commonwealth* v. *Montanez,* 410 Mass. 290, 301 (1991) (released eight days after the *Frazier* opinion and citing the *Frazier* opinion). "This determination turns on whether the police conduct has intruded on a

fully apparent at trial. See *Commonwealth* v. *Carter,* 39 Mass. App. Ct. 439, 440-441 & nn. 3 & 4 (1995).

[2]The Supreme Court abandoned the automatic standing rule in *United States* v. *Salvucci,* 448 U.S. 83 (1980).

[3]The only case not cited in this paragraph in which we have applied the automatic standing principle is *Commonwealth* v. *Amendola,* 406 Mass. 592, 601 (1990), where we first adopted the principle as a matter of State constitutional law. Because the defendant there was charged with possession of narcotics at the time of a contested search of a motor vehicle, we granted the defendant automatic standing. An alleged confederate of the defendant, whom the defendant allegedly drove to the location of the search, had keys to the vehicle which the police seized to unlock the trunk in which the contraband was found. We do not construe our *Amendola* opinion as giving a defendant the right to assert the constitutional rights of someone in no way involved with his allegedly criminal conduct.

constitutionally protected reasonable expectation of privacy" of the defendant. *Id.*[4]

In this case, the defendant had no expectation of privacy that society is willing to recognize as reasonable. See *id*. He concealed property on a porch where he had no right to be as he was trying to avoid apprehension, and particularly, trying to avoid apprehension while in possession of cocaine. Article 14 does not relieve a defendant who unlawfully intruded on someone else's reasonable expectation of privacy from establishing that he had a reasonable expectation of privacy himself.

Not only is the police conduct in this case a far cry from the type of conduct that should be deterred by application of an exclusionary rule in favor of the defendant, but also it would be more than inappropriate to permit a person fleeing from the police to rely on art. 14 to suppress evidence that he left on some third person's property.[5]

*Judgment affirmed.*

---

[4]If the rule for which the defendant contends were the correct one, *Commonwealth* v. *Montanez,* 410 Mass. 290 (1991), which in part involved cocaine found above the dropped ceiling of a common hallway of an apartment building, would not have discussed whether the defendant had a reasonable expectation of privacy in the hallway ceiling.

[5]We agree with the Appeals Court's treatment of the defendant's challenge to the exclusion of evidence. *Commonwealth* v. *Carter, supra* at 443.