Agnes, Peter W., J.
1. Introduction
The defendant, Marc Carroll (“defendant”) is charged by indictment with a number of violations including firearm charges (career criminal), receiving stolen property, receiving a stolen motor vehicle, larceny from a building, and breaking and entering during the daytime with intent to commit a felony. These ■charges are based on evidence seized from two motor vehicles. The defendant filed a motion to suppress. Based on the credible evidence presented at the hearing on the motion, I make the following findings of fact and rulings of law.
2. Findings of Fact
Massachusetts State Police Trooper Brian Frech-ette was working the 3:00 p.m. to 11:00 p.m. shift and on routine patrol in the City of Gardner on December 8, 2005. At approximately 2:15 p.m., he observed a 1997 Chevrolet Cavalier motor vehicle drive through Mr. Mike’s Mobil, a gas station, without stopping. The vehicle contained four occupants including the defendant who was the operator. Trooper Frechette made note of the vehicle’s tag (Mass. 811RNF). A check with the Massachusetts Registry of Motor Vehicles revealed that the vehicle had been stolen in the Worcester area. He saw the vehicle a short time later in Westminster and stopped it at another Mr. Mike’s Mobil Station. Trooper Frechette exited his vehicle and ordered the occupants of the stolen car to exit the vehicle. There were four occupants in all — two males and two females. One of the females (Noel Balutis) told the trooper that the defendant picked her and a friend up in the stolen car and in order to make room for them he (the defendant) left a “hockey bag” in her car in Gardiner. The defendant was advised of his Miranda rights. The defendant acknowledged he understood his rights. The defendant said “I want a deal before I talk.” Trooper Frechette seized a knife and a quantity of marijuana from the other male. He also seized alcohol from the vehicle. The two females were under the age of twenty-one. The four occupants were arrested.
3.
Based on the above and the fact that the true owner of the vehicle was not yet known, Trooper Frechette decided to arrange for the tow of the stolen vehicle. There is a written policy of the state police that provides that a careful inventory search must be conducted of a stolen vehicle not only to secure personal property, but also to remove any dangerous items because such vehicles are stored in or under state police barracks. One of the female occupants (Noel) told Trooper Frechette that she had met the defendant a few weeks earlier and that they were dating. She said the defendant had been driving the stolen Chevy Cavalier vehicle since they had met, but that she was not aware it was stolen. She asked Trooper Frechette to remove the defendant’s property from her vehicle in Gardiner. She added that the police could search her vehicle, and gave her written consent to the police. The stolen vehicle was removed from the scene to a secure garage bay in Athol, about 9 miles away. There, a search was conducted. While looking in the glove box for the vehicle’s registration, the police found a diamond ring in a cigarette box. It was a large, traditional style ring. The police secured the ring along with hundreds of other items including cameras, clothing, compact discs, DVD discs, and electronic gaming devices which they found in the passenger compartment. Among the items found and seized were open containers of alcohol, drug paraphernalia, a smoking pipe, and a plastic bag containing what appeared to be drug residue. A stolen vehicle recovery form was completed later at state police barracks. In the trunk of the vehicle, the police found and seized ammunition, electronic gaming equipment, additional compact and DVD discs, and numerous identification cards and papers. Trooper Frechette secured all of the items inside the vehicle and supervised the tow of the vehicle back to the state police barracks. A thorough search of the vehicle took place 4-5 days later after trooper Frechette obtained a search warrant. Based on the totality of the circumstances, Trooper Frechette suspected that the defendant and possibly other members of the group were involved in a series of recent housebreaks in Westminster.
*332 4.
Detective Ralph LeBlanc of the Westminster Police Department had been involved in the investigation of the recent housebreaks in Westminster, and had visited the scene of one of the breaks. He was working with a partner, Officer Edward Robbins. He responded to the scene of the stop of the stolen vehicle operated by the defendant. He accompanied Noel Balutis back to her car. At that location, she pointed out the bag that the defendant had placed in her vehicle and instructed the police to remove it. Detective LeBlanc removed the Hockey Bag from the vehicle. He and Trooper Frechette opened it and made a cursory inspection of its contents which included many compact discs and DVD discs, and a Sony Play Station electronic gaming device. Noel pointed out two other bags which the defendant had placed in her car and which turned out to contain stolen property. I do not credit any testimony to the effect that the search of the Hockey Bag was undertaken as an inventory search, an emergency search, or as part of the police department’s community care taking responsibilities.
6. Rulings of law; The search of the stolen motor vehicle
The defendant has standing, in the sense that he has a right to argue that the search of the stolen motor vehicle was unlawful. See Commonwealth v. Amendola, 406 Mass. 592, 601 (1990).[1] However, the defendant must still carry the burden of establishing that a search took place. See Commonwealth v. Clegg, 61 Mass.App.Ct. 197, 203 (2004). Here, he has failed to meet his burden of proof.[2] The question is whether the defendant’s asserted expectation of privacy “is one which society could recognize as reasonable.” Commonwealth v. Cadoret, 388 Mass. 148, 150 (1983), quoting Commonwealth v. Podgurski, 386 Mass. 385, 388 (1982), cert. denied, 459 U.S. 1222 (1983). See also United States v. Samboy, 433 F.3d 154, 162 (1st Cir. 2005) (“[A] subjective belief in one’s privacy is meaningless unless one can show that society would consider the belief reasonable”). In Commonwealth v. Carter, 424 Mass. 409, 412 (1997), the Supreme Judicial Court observed that the defendant had no expectation of privacy in property he tried to conceal on a porch where he had no right to be as he was being arrested. “Article 14 does not relieve a defendant who unlawfully intruded on someone else’s reasonable expectation of privacy from establishing that he had a reasonable expectation of privacy himself.” If a person lacks a reasonable expectation of privacy in an area of a person’s home that he has not been given permission to occupy or use, it is evident that a person who operate a stolen motor vehicle does not have an expectation of privacy in the vehicle.[3]
7. The search of the Hockey Bag
The defendant maintains that despite the consent given by the vehicle’s owner, the defendant had a reasonable expectation of privacy in the Hockey Bag. Assuming that this is true, the automobile exception provides that if the police had probable cause to believe that the bag contained evidence of a crime, they had a right to search it without a warrant. See Commonwealth v. Moses, 408 Mass. 136, 145 (1990). “In dealing with probable cause, ... as the very name implies, we deal with probabilities. These are not technical; they are the factual and practical considerations of everyday life on which reasonable and prudent men, not legal technicians, act.” Commonwealth v. Cast, 407 Mass. 891, 895 (1990), quoting Draper v. United States, 358 U.S. 307, 313 (1959). Here, the evidence found inside the stolen motor vehicle suggested that the defendant was using the stolen motor vehicle as a storage container for stolen property. In such circumstances, it would be reasonable to infer that evidence of criminal activity would be found in several bags which only hours earlier had been transferred by the defendant from the stolen vehicle to the vehicle owned by his girlfriend. See Commonwealth v. Garden, 451 Mass. 43, 47 (2008).[4] Therefore, at the time the police seized and searched the Hockey Bag, they had probable cause to believe it contained stolen merchandise.[5]
ORDER
For the above reasons, the defendant’s motion to suppress is DENIED.

 The United States Supreme Court has abandoned the inquiry into standing, apart from expectation of privacy, in determining the application of the Fourth Amendment. See United States v. Paradis, 351 F.3d 21, 27 (1st Cir. 2003), citing Minnesota v. Carter, 525 U.S. 83, 91 (1998) (holding that non-resident defendants had no legitimate expectation of privacy in apartment in which they briefly conducted drug-dealing activities). An expectation of privacy is the “threshold standing requirement that a defendant must establish before a court can proceed with any Fourth Amendment analysis.” United States v. Lewis, 40 F.3d 1325, 1333 (1st Cir. 1994).

 In view of the court’s conclusion that the defendant failed to meet his burden of establishing that he had a reasonable expectation of privacy in the stolen motor vehicle, it is unnecessary to consider any other issues, including whether the search was a valid inventory search.

 The question is not whether the defendant acted as if he had an expectation of privacy in the stolen automobile. United States v. Lopez, 380 F.3d 538, 545 (1st Cir.2004) (“[E]fforts to restrict access to an area do not generate a reasonable expectation of privacy where none would otherwise exist," quoting New York v. Class, 475 U.S. 106, 114 (1986)). See also United States v. Thomas, 447 F3d 1191, 1197 (9th Cir. 2006) (concluding that someone given permission by the leasee to operate a rental car has an expectation of privacy in it because such a person has the principal indicia of ownership — the right to exclude others); Commonwealth v. Welch, 420 Mass. 646, 654 (1995) (no expectation of privacy where individual shared room in common with others and lacked authority to exclude others from room).

 This result makes it unnecessary to address other arguments relating to the search of the Hockey Bag.

 There was no evidence that the defendant was involved in sports activities or had been on his way to or from a sporting event.