Agnes, Peter W., J.
1. The above three defendants have filed motions to suppress evidence consisting of two handguns that were seized by the Fitchburg Police Department during the execution of a search warrant for the first-floor apartment of the premises located at 15 Essex Street in Fitchburg. The handguns were seized from a gray 1999 Ford Taurus automobile registered to Jorge Vargas Seda and found parked in a driveway in the back of the premises.
2. The search warrant, which is part of the record before the court, is supported by an affidavit submitted by Fitchburg Police Detective John E. Maki. Detective Maki’s affidavit is based on information supplied by a reliable, confidential informant who made a number of controlled buys of cocaine while under police surveillance. It is sufficient for purposes of this motion to note that the affidavit establishes probable cause to believe that Jorge Vargas Seda was involved in the distribution of cocaine and that drugs and drug paraphernalia would be found in the first-floor apartment of 15 Essex Street. The question presented by the motions to suppress is whether the search of the gray Ford Taurus found in the driveway of 15 Essex Street was within the scope of the warrant authorizing the search of the first floor of that address. The answer is “yes.”
3. The failure to specify a location searched under the authority of a search warrant for a home or apartment is not a fatal omission if the location searched falls within the curtilage of the home or apartment and the items described in the warrant could be located in the area searched. “[T]he scope of a warrant authorizing the search of a particularly described residence includes any automobiles, owned or controlled by the owner of such residence, which are located within the curtilage of the premises at the *353 time the warrant is executed.” Commonwealth v. Signorine, 404 Mass. 400, 403 (1989). “The curtilage concept originated at common law to extend to the area immediately surrounding a dwelling house the same protection under the law of burglary as was afforded the house itself." United States v. Dunn, 480 U.S. 294, 300 (1987). “(T]he Fourth Amendment protects the curtilage of a house and . . . the extent of the curtilage is determined by factors that bear upon whether an individual reasonably may expect that the area in question should be treated as the home itself.” Id.
Factors that govern the determination of whether an area is within the curtilage of a home or apartment are (1) proximity, (2) whether the area is inside an enclosure surrounding the home, (3) the nature of the uses to which the area is put, and (4) steps taken by the owner to keep the area private from the view of outsiders. Id. at 874, quoting United States v. Dunn, 480 U.S. at 301 & n.4.
4. In this case, the driveway behind the home where the Ford Taurus that was the subject of the search warrant was parked constitutes an area within the curtilage of the home. It was immediately adjacent to the home and was not visible from the street. The area as described was not an apartment complex with numerous tenants and visitors coming and going on and through the driveway. See Commonwealth v. Thomas, 358 Mass. 771, 774-75 (1971). It was not an area generally open to traffic. Contrast, United States v. Walker, 922 F.Sup. 732 (N.D.N.Y.1996) (concluding that a driveway, which was a common area open to the public, was not within the curtilage of the defendant’s apartment unit because the defendant did not possess a legitimate expectation of privacy in that area); State v. Harnisch, 113 Nev. 254, 931 P.2d 1359 (1997) (same). There is no question that the automobile in question is in a location in which evidence of drug distribution could be found. The warrant’s description of the premises refers to a driveway area that extends to the back of the premises. The affidavit also establishes a direct connection between the target of the warrant and the automobile that was searched. Unlike the situation in Commonwealth v. McCarthy, 428 Mass. 871 (1999), where the Court rejected the argument that a visitor parking space in a large parking lot adjacent to an apartment complex was part of an individual apartment’s curtilage, the area in question in this case was not used by a large number of unrelated people and was not plainly visible from the street to eveiy passerby. The mere fact that the automobile was located in an area not directly connected to the first-floor apartment does not exclude it from falling within the curtilage. Commonwealth v. Santiago, 410 Mass. 737, 741 (1991), relied upon by the defendants, is distinguishable because the vehicle searched under the authority of a warrant for premises was located on a public street. Compare, Commonwealth v. Pierre, 71 Mass.App.Ct. 58, 63 (2008) (Appeals Court explains that a basement area located two levels below an apartment was within the curtilage of the apartment).
5. In the alternative, if the warrantless search was not justified as the search of a container located within the curtilage of the apartment, it was justified under the automobile exception to the warrant requirement. The affidavit submitted by Detective Maki establishes probable cause to believe that drugs or evidence of drug distribution would be located inside the Ford Taurus. The discovery of the vehicle parked in the driveway of the target apartment thus authorized the police to conduct a warrantless search. See Commonweath v. Motto, 424 Mass. 117, 122 (1997) (it is the inherent mobility and decreased expectation of privacy in an automobile, not independent exigent circumstances, that permits a warrantless search under Article 14 of the Declaration of Rights as well as under the Fourth Amendment).
ORDER
The present case falls well within the rule announced in Commonwealth v. Signorine, supra, 404 Mass. at 403, which requires that in order to search an automobile under the authority of a warrant for premises in circumstances in which the warrant does not specifically refer to the automobile, it must be located within the curtilage of the premises and there must be evidence that it is controlled or owned by the person whose premises are to be searched. Alternatively, a warrantless search was authorized under the automobile exception. For these reasons, the motions to suppress are DENIED.