Having obtained leave from a single justice of the Supreme Judicial Court, see Mass. R. Crim. P. 15 (a) (2), 474 Mass. 1501 (2016), the Commonwealth appeals from an order of a judge in the Dorchester Division of the Suffolk Juvenile Court Department that allowed the juvenile's motion to suppress evidence obtained by police in a warrantless search. We affirm.
Background.[2] In August, 2016, during the weekend of the Caribbean festival, Boston police were monitoring the movements of two alleged gangs in the area of Supple Road. Officer Thomas Bernier, a member of the department's youth violence strike force, was called to the area after receiving a report that the two groups were engaged in a verbal altercation in front of a multifamily residence. When Officer Bernier arrived at the scene, he walked to the backyard of the residence.[3] Officer Bernier observed the juvenile sitting on a porch, "breathing heavily with his chest rising and falling." Officer Bernier asked the juvenile whether he lived at the residence, and the juvenile responded that he did -- a statement the motion judge found to be false. While the two were conversing, Officer Peter O'Brien observed an overturned bucket next to the stairs leading up to the porch. Officer O'Brien tilted the bucket over slightly, revealing a firearm. Officer O'Brien pointed at the bucket to warn Officer Bernier and then made his way onto the porch. The juvenile attempted to climb over a railing and escape, but was stopped and arrested. The juvenile was charged with unlicensed possession of a loaded firearm, possession of ammunition without an FID card, and additional criminal acts.
Discussion. "When a defendant is charged with a crime in which possession of the seized evidence at the time of the contested search is an essential element of guilt, the defendant shall be deemed to have standing to contest the legality of the search and the seizure of that evidence." Commonwealth v. Amendola, 406 Mass. 592, 601 (1990). However, an exception to the automatic standing rule precludes a defendant from claiming the benefit of automatic standing when he is unlawfully present in the place searched. See Commonwealth v. Carter, 424 Mass. 409, 412 (1997).
"When a defendant has standing under our rule for State constitutional purposes, we then determine whether a search in the constitutional sense has taken place." Commonwealth v. Montanez, 410 Mass. 290, 301 (1991). "This determination turns on whether the police conduct has intruded on a constitutionally protected reasonable expectation of privacy." Id. "Where the defendant has automatic standing, the defendant need not show that he has a reasonable expectation of privacy in the place searched." Commonwealth v. Mubdi, 456 Mass. 385, 392 (2010). "The defendant, however, still must show that there was a search in the constitutional sense, that is, that someone had a reasonable expectation of privacy in the place searched, because only then would probable cause, reasonable suspicion, or consent be required to justify the search." Id. at 393.[4]
The Commonwealth acknowledges that the juvenile was charged with a possessory offense, but contends that he is not entitled to automatic standing because his presence on the porch of the residence was unlawful. However, the Commonwealth raised the same contention before the motion judge, who rejected it. We discern in the record before us no basis to disturb the conclusion of the motion judge on that point.[5]
Because the Commonwealth concedes that the actions taken by police in this case intruded on the homeowner's reasonable expectation of privacy, the requirement that the search intruded on someone's expectation of privacy is satisfied.[6] Accordingly, where police conducted a warrantless search, the juvenile had automatic standing, the homeowner held a reasonable expectation of privacy in the area searched, and no exception to the warrant requirement applied, the evidence of the firearm was properly suppressed.
Order allowing motion to suppress affirmed.

These facts are derived from the motion judge's findings and supplemented with uncontroverted facts from the witnesses' testimony, which the judge explicitly credited. See Commonwealth v. Ortiz, 478 Mass. 820, 821 (2018).

Both Officer Bernier and Officer Peter O'Brien, also of the Boston Police Department's youth violence strike force, testified that when they arrived at the residence, some members of the two groups were still present.

In earlier cases where the defendant was granted automatic standing, the Supreme Judicial Court analyzed whether the defendant had a reasonable expectation of privacy in the area searched. See Commonwealth v. Williams, 453 Mass. 203, 207-208 (2009) ("Under art. 14, we determine initially whether the defendant has standing to contest the search and then whether she had an expectation of privacy in the area searched"); Montanez, 410 Mass. at 301-302 (list of factors in determining reasonableness of expectation of privacy); Carter, 424 Mass. at 411 n.3 ("We do not construe our Amendola opinion [Commonwealth v. Amendola, 406 Mass. 592, 601 (1990),] as giving a defendant the right to assert the constitutional rights of someone in no way involved with his allegedly criminal conduct"). Mubdi broadened the scope of that analysis to include any person's reasonable expectation of privacy, and we apply that approach in this case. See Mubdi, 456 Mass. at 392. See also Commonwealth v. Holley, 79 Mass. App. Ct. 542, 551 n.7 (2011).

Contrary to the Commonwealth's contention, the motion judge's finding that the juvenile did not live in the residence does not compel a conclusion that he was a trespasser. To the contrary, in his written memorandum of decision, the motion judge specifically noted that "[t]here was no evidence that the police observed ... the [juvenile], or anyone else, in the commission of a crime." See Mubdi, 456 Mass. at 393 n.8 (summarily rejecting Commonwealth's contention that exception to automatic standing applied "because there [was] no evidence that the defendant was unlawfully in the automobile that was searched").

At oral argument the panel asked the Commonwealth: "Are you agreeing that someone had an expectation of privacy in the area that was searched?" To which the Commonwealth replied: "Sure, the owner of the home."