PETER P. SABA *vs.* EDWARD E. COHEN & another.

Middlesex. January 6, 1956. — February 6, 1956.

Present: QUA, C.J., RONAN, SPALDING, WILLIAMS, & COUNIHAN, JJ.

*Evidence,* Business records, Relevancy and materiality, Offer of proof. *Practice, Civil,* Exceptions: whether error shown. *Error,* Whether error shown.

At the trial of an action for labor and materials furnished to the defendant in the construction of a house, "sheets of written records" kept by the plaintiff in the usual course of business showing "materials and labor that went into the job" were admissible in evidence under G. L. (Ter. Ed.) c. 233, § 78, upon the trial judge's making the preliminary findings required thereby, although such records contained entries transcribed from other writings which the plaintiff was ready to produce. [558–559]

At the trial of an action for labor and materials furnished to the defendant in the construction of a house located on a tract of land which he was developing, it was irrelevant "how much it cost him to improve this property." [559]

Error in the exclusion of a question asked on direct examination of a witness was not shown in the absence of an offer of proof. [559]

CONTRACT. Writ in the District Court of Newton dated November 22, 1950.

Upon removal to the Superior Court the action was tried before *Beaudreau*, J.

*Edward E. Cohen*, for the defendants.

*Louis Karp*, (*Arthur L. Murray* with him,) for the plaintiff.

SPALDING, J. This is an action of contract to recover for labor and materials alleged to have been furnished to the defendants in the construction of a house. The plaintiff had a verdict and the case comes here on the defendants' exceptions. Many questions have been argued by the defendants but only two, which relate to rulings on evidence, are open on this record.

1. While testifying with respect to plumbing and heating work done for the defendants, the plaintiff was shown "nine sheets of written records" which he stated were "record[s] kept . . . in the usual course of business." He further testified that these records were kept under his supervision and showed the "materials and labor that went into the job." "The plaintiff then offered these alleged records in as evidence, to which the defendants objected. The plaintiff . . . testified that he had the originals in court." The judge "admitted the alleged copies in evidence" subject to the defendants' exception. There was no error. These records were plainly admissible under G. L. (Ter. Ed.) c. 233, § 78, if the preliminary findings required by the statute were made by the trial judge. Where, as here, nothing to the contrary appears, the admission of the records implies a finding of the facts prerequisite to their admission. *Bendett* v. *Bendett*, 315 Mass. 59, 62. *Sellew* v. *Tuttle's Millinery Inc.* 319 Mass. 368, 371. The defendants argue that evidence admitted consisted of copies of the records rather than originals and hence violated the best evidence rule. But we do not so interpret the record. We think that a fair construction of the record is that the sheets introduced were not copies of the plaintiff's records but were the actual records themselves. To be sure, they undoubtedly contained entries that were transcribed from other records, and in

that sense they might be said to be copies. But that did not render the records inadmissible under § 78. On the contrary, that section expressly provides that the "entry, writing or record" shall be admissible notwithstanding the fact that "it is transcribed . . . hearsay or self-serving." The statute goes on to provide that the court, in its discretion, before admitting the record may require the party offering it to produce the original "entry, writing, document or account" from which the record was transcribed. We are of opinion that when the plaintiff stated that "he had the originals in court" he was merely showing a readiness to satisfy the provision of the statute just referred to if called upon to do so.

2. It appeared that the house on which the plaintiff furnished labor and materials was one in a larger tract which the defendants were developing. The defendant Edward Cohen during his direct examination was asked "how much it cost him to improve this property" and the question was excluded subject to the defendants' exception. The defendants argue that this would tend to establish the value of the development and that they were entitled to show this under their answer in recoupment in proving the damage sustained by them by reason of the plaintiff's alleged breach of contract. There was no error. It is difficult to see how this evidence was relevant in an action to recover for labor and materials furnished with respect to a particular house. Moreover, the defendants have not shown how they were harmed by the ruling, for they made no offer of proof. *Nicholas* v. *Lewis Furniture Co.* 292 Mass. 500, 504. *Commonwealth* v. *Granito*, 326 Mass. 494, 497.

*Exceptions overruled.*