FRANCIS J. RAMACORTI *vs.* BOSTON REDEVELOPMENT AUTHORITY.

Suffolk.    October 6, 1960. — November 9, 1960.

Present: WILKINS, C.J., SPALDING, WILLIAMS, WHITTEMORE, & CUTTER, JJ.

*Witness,* Expert witness. *Evidence,* Of value; Judicial discretion; Opinion: expert; Offer of proof. *Attorney at Law. Practice, Civil,* Exceptions: whether error shown. *Error,* Whether error shown.

At the trial of a petition for assessment of damages for a taking of land, where experts of the petitioner testified as to value and the petitioner then called as a witness an expert who had been employed by the

respondent to appraise the land and who was paid by the petitioner only the statutory witness fee, it was within the judge's discretion to exclude the opinion of value which the expert appraiser had reported to the respondent.   [378–380]

Evidence of the price paid in a sale of land was admissible in the judge's discretion at the trial of a petition by the buyer for assessment of damages for a taking of the land about two years and seven months after the sale.   [380]

Evidence of the price paid in a sale of land was properly introduced through an attorney who had represented the sellers in the sale and had first hand knowledge of the facts; there was no breach of the confidential relation of attorney and client in admitting the attorney's testimony as to the price.   [380]

No error appeared in the exclusion of certain evidence offered to show that elderly sellers of land sold it under compulsion because of their age.   [381–382]

After a witness had given some testimony on an issue on direct examination, the exclusion of a further question to him did not disclose error in the absence of an offer of proof.   [382]

PETITION for assessment of damages for a taking of land, filed in the Superior Court on October 28, 1958.

The case was tried before *Vallely, J.*

The case was submitted on briefs.

*Vincent J. Celia & Frank Ramacorti,* for the petitioner.

*Christian A. Herter, Jr., John C. Conley, & Andrew J. Casner, Jr.,* for the respondent.

WILKINS, C.J.   The respondent made takings of a large part of the West End of Boston for redevelopment purposes.   One was of the petitioner's property at the corner of Eaton and North Russell streets consisting of 1,685 square feet of land upon which was a five story brick building containing stores and apartments.   At the trial of this petition, brought pursuant to G. L. c. 79, §§ 12, 14, the only issue was the amount of damages.   There was a verdict for the petitioner in the sum of $23,000.[1]   The petitioner's exceptions are to rulings on evidence.

1.   Two experts, called by the petitioner, respectively testified that the value was $42,318 and $38,425.   The as-

---

[1] The verdict contained a further finding of $961 for allocation of taxes for 1958, the year of the taking.   See St. 1953, c. 634, § 1.   The trial judge added the sum of $956 for interest at the rate of four per cent.   G. L. c. 79, § 37 (as amended through St. 1956, c. 641).

sessed value in each of the three years preceding the taking was $15,000, of which $4,200 was for the land. The petitioner called as a witness one Allen, an appraiser who had made a study and appraisal of the premises at the respondent's request. When summoned, he was paid only the statutory witness fee. He was asked to state his opinion of the fair market value which he had reported to the respondent. The question was excluded, and the petitioner made an offer of proof that the amount reported was $30,000. The witness testified that he had with him his work sheets ''containing a summation of the processes he employed in arriving at his opinion.'' When offered in evidence, these were excluded, and the petitioner excepted. The witness was then asked whether, if he were to be offered an expert witness fee, he would testify to the opinion of value which he had reported to the respondent. To this he answered that he would not, and the petitioner again excepted.

It is a general rule that an expert witness can be required, without the payment of expert fees, to give an opinion already formed. *McGarty* v. *Commonwealth*, 326 Mass. 413, 417–418. Such discretionary ''power would hardly be exercised unless . . . necessary for the purposes of justice.'' *Barrus* v. *Phaneuf*, 166 Mass. 123, 124. This general rule would apply even though the witness is an official or an employee of the opposing party (*Stevens* v. *Worcester*, 196 Mass. 45, 50–51, 56) or is someone employed as an expert by the opposing party. *Boynton* v. *R. J. Reynolds Tobacco Co.* 36 F. Supp. 593, 595 (D. Mass.). *Roberson* v. *Graham Corp.* 14 F. R. D. 83, 84 (D. Mass.). In the latter instance, which is the one before us, an important consideration is whether in the circumstances it is fair for one party to acquire the expert opinion of one who has already been engaged by his adversary. The case at bar, where the petitioner seems to have had no difficulty in obtaining experts of his own, is eminently no occasion for us to hold that the trial judge's exercise of discretion was in any way improper, much less that it was so wrong as to constitute

error of law.  *Epstein* v. *Boston Housing Authy.* 317 Mass. 297, 300.

We have discussed the broad question argued.  Strictly speaking, the issue was whether the witness had formed an opinion, and if so, what it was.  The issue, in the first instance at least, was not what value he had reported to the respondent.

2.  The respondent called Robert A. Stanziani, Esquire, who testified that he had been counsel for the former owners, Hyman and Bessie Glassman, when the property was sold to the petitioner on September 26, 1955; that he was present when the deed was delivered; and that the selling price was $18,000.

There was no error in admitting the evidence of the selling price.  The interval between the date of the purchase and the date of the taking was slightly less than two years and seven months.  It was within the judge's discretion to rule that a price paid on September 26, 1955, was relevant on the issue of the property's value on April 23, 1958.  *Johnson* v. *Lowell,* 240 Mass. 546, 549–550, and cases cited.  *Lembo* v. *Framingham,* 330 Mass. 461, 463.  *Brush Hill Dev. Inc.* v. *Commonwealth,* 338 Mass. 359, 367.

The evidence was not incompetent because introduced through counsel and not through the sellers, who had died.  Counsel had first hand knowledge of the facts.  In *Newton Girl Scout Council, Inc.* v. *Massachusetts Turnpike Authy.* 335 Mass. 189, there was hearsay testimony as to a sale of neighboring property in which the witness had not participated.  The statement in that opinion (page 199) as to the necessity of producing a party to the sale who could be cross-examined must be strictly read with reference to the facts in that case.

There is no valid objection that there was a breach of the confidential relationship of attorney and client.  The selling price was not a confidential fact.  It was known to the sellers, and probably could be deduced from the amount of revenue stamps on the recorded deed.  It was also known to the petitioner's father, as appears from the father's

testimony on voir dire. Although the record is not clear that this was introduced later before the jury, it was nevertheless a fact brought to the knowledge of the judge in the course of determining the admissibility of testimony.

3. On cross-examination by the petitioner Mr. Stanziani testified that the Glassmans were about seventy-five to eighty years of age when they sold. To the question whether they did "express to you or did you learn what the reason was for this sale," he answered, "If my memory serves me correctly, I thought it was because they were getting along in years and they wanted to sell the property." When asked if there were any other reasons for the sale, he answered, "I don't remember what other factors were except that they were getting along in years." He was then asked, "With reference to their getting along in years, did they express the reason . . . for the sale?" The question was excluded, and the petitioner excepted. The witness was asked, "Do you have any recollection of anything they said about the burden or [sic] the management of the property?" He answered, "Well, I don't recall specifically. It may well have been probably part of the reason together with their advanced age." He was asked if he knew any of the attendant circumstances that resulted in the sale, and replied in the negative. To the exclusion of the question, "Were there any factors that entered into this sale that in your opinion or from your personal knowledge influenced the seller's actual sale of the premises?" the petitioner excepted.

The petitioner argues that the excluded testimony contained an explanation of the price accepted for the land. We do not agree. An explanation is, of course, admissible which tends to show that a seller sold at a price which was less than the true value of his land. *Lawrence* v. *O'Neill,* 317 Mass. 393, 397. *Amory* v. *Commonwealth,* 321 Mass. 240, 256. "The question is whether either party to the sale was under such compulsion that the price is not a useful criterion of value." *Epstein* v. *Boston Housing Authy.* 317 Mass. 297, 300. But "there is a presumption, in the technical and proper meaning of that word, that the price

of land sold was fixed freely and not under compulsion.''
*Id.* at p. 301. The excluded testimony was open to the
objection that it was based on guesswork or was only the
witness's opinion (*Brownhill* v. *Kivlin,* 317 Mass. 168, 170).
And if we assume that old age could have been shown as a
compelling reason for the sale, the proffered evidence did
not amount to that.

4. The petitioner called as a witness his father, Frank
Ramacorti, who described improvements to the property
made between September 26, 1955, the date of acquisition
and April 23, 1958, the date of the taking. The judge ex-
cluded the question, ''Will you tell the court and jury what
your expenditures were for those improvements or re-
pairs?'' The petitioner excepted. The absence of an offer
of proof is fatal. *Saba* v. *Cohen,* 333 Mass. 557, 559. *Edel-
stein* v. *Old Colony Trust Co.* 336 Mass. 659, 666. Even if
the amount of the cost of the improvements had appeared,
it would have been ''a very inconclusive test of its value,''
which the judge could have excluded in his discretion.
*Goodyear Park Co.* v. *Holyoke,* 298 Mass. 510, 511.

*Exceptions overruled.*