### Barbara O'Brien's Case.

Suffolk. October 8, 1996. - December 12, 1996.

Present: Wilkins, C.J., Abrams, Greaney, & Fried, JJ.

*Due Process of Law,* Hearing. *Workers' Compensation Act,* Hearing, Impartial physician, Prima facie evidence, Conference procedure.

General Laws c. 152, § 11A(2), is not unconstitutional on its face on due process grounds insofar as it gives prima facie status to the report of the independent medical examiner in a hearing before the administrative judge, where the administrative judge may authorize the submission of additional medical testimony and where a workers' compensation claimant has the opportunity to put before the impartial medical examiner such relevant medical evidence and records as are favorable to the claimant and has the opportunity to depose and cross-examine the examiner. [19-25]

Appeal from a decision of the Industrial Accident Reviewing Board.

The Supreme Judicial Court on its own initiative transferred the case from the Appeals Court.

*George N. Keches* (*JoAnn D. Walter* with him) for the claimant.

*Thomas O. Bean,* Assistant Attorney General, for the intervener.

*Judy D. Eldredge,* for the insurer & another, was present but did not argue.

*Mark D. Horan, Harry J. Silverman & James F. Kenney,* for the Massachusetts Bar Association, amicus curiae, submitted a brief.

*William T. Salisbury,* for Massachusetts AFL-CIO Council & another, amici curiae, submitted a brief.

Fried, J. The claimant, Barbara O'Brien, asserts that G. L. c. 152, § 11A (2), as appearing in St. 1991, c. 398, § 30, on its face denies a party to a workers' compensation dispute due process of law insofar as it denies the opportunity to offer as

of right medical testimony to contradict the report of the impartial medical examiner in the appeal from a conference order. We conclude that § 11A (2) is not unconstitutional on its face.

I

The claimant claimed to have suffered an industrial accident in respect to which the insurer paid weekly incapacity benefits for some six weeks but without prejudice to its right later to contest her claim. When the insurer ceased payments, the claimant filed a claim for their resumption. After a conference, the administrative judge ordered the resumption of payments. The insurer appealed from this conference order and the case came up before the same administrative judge for hearing pursuant to § 11A (2). At the hearing the claimant was required to prove that she had suffered an injury in the course of her employment and that she was disabled as a result of that injury. The claimant, a private investigator, and a vocational rehabilitation expert testified at the hearing. A month later the impartial medical examiner conducted his examination pursuant to the provisions of § 11A. The administrative judge filed a decision three months later authorizing the discontinuance of benefits. The claimant appealed to the reviewing board of the Department of Industrial Accidents (reviewing board). The reviewing board found several serious substantive and procedural defects in the disposition of the administrative judge and remanded the case for de novo reconsideration before a different administrative judge. The board went on to state its view that § 11A was unconstitutional on its face in that it did not allow either party in a hearing appealing from a conference order to present as of right its own medical testimony in addition to that of the impartial medical examiner. Recognizing that as an administrative agency it lacked authority to strike down as unlawful or unconstitutional any of the statutes or regulations under which it operates, it stayed the remand in order to allow the claimant to bring to the Appeals Court the question of the facial invalidity of § 11A. The claimant brought the appeal to the Appeals Court in conformity with that court's standing order governing workers' compensation appeals. A single

justice of that court reported the case to a panel of the court, and we brought the case here on our own motion.[1]

## II

### A

At the outset we note that there is no final judgment in this case, because the reviewing board has remanded it for a de novo redetermination of the claimant's claims, and it is entirely possible that on such redetermination the claimant may prevail or the administrative judge might exercise his discretion under § 11A to allow her to present additional expert medical testimony. The Attorney General argues that G. L. c. 152, § 12 (2), and G. L. c. 30A, § 14, which govern appeals from orders in workers' compensation cases, only make provision for appeals from final orders, and this is surely not a final order. We agree that interlocutory orders in these cases are not appealable. The order in this case, however, is unusual in that the reviewing board explicitly stayed its decision to allow an appeal for the resolution of a constitutional question which it did not believe it was empowered to decide. In other circumstances where some of the usual aspects of justiciability are missing — particularly where the case was moot as to the parties before the court — we have proceeded to render an opinion, if a question of general importance was presented which required resolution and if the jurisdictional defect would not interfere with or confuse that resolution. *Wellesley College* v. *Attorney Gen.*, 313 Mass. 722, 731 (1943) ("in view of the public interest involved and the uncertainty . . . we ought . . . to express briefly our opinion"). See *Commonwealth* v. *Doe*, 420 Mass. 142, 143 (1995). This is such a case. The question of the facial constitutionality of the provisions in § 11A regarding medical testimony is sufficiently serious and its resolution sufficiently important that it is prudent for us to proceed to answer it. Moreover, since the claimant raises only a facial challenge to those provisions and does not (because at this stage she cannot) complain about their application to her case, the abstract posture of the case is not an impediment to its resolution.

---

[1]As the case raised a question as to the constitutionality of an act of the Legislature, we granted the Attorney General's motion to intervene. The Massachusetts Bar Association, Massachusetts AFL-CIO, and Quincy and South Shore Building Trades Council also filed briefs as amici curiae.

## B

A facial challenge to the provision in § 11A giving prima facie status to the report of the independent medical examiner in a hearing before the administrative judge can succeed only if according such status to the report must necessarily in all cases be so unfair as to deprive one or both parties of due process of law. See *Leibovich* v. *Antonellis*, 410 Mass. 568, 576 (1991). The point of reference to which we have regularly returned in analyzing the issue of due process in cases such as this is the United States Supreme Court's analysis in *Mathews* v. *Eldridge*, 424 U.S. 319 (1976).[2] See, e.g., *Aime* v. *Commonwealth*, 414 Mass. 667 (1993); *Care & Protection of Robert*, 408 Mass. 52, 59 (1990); *Matter of Kenney*, 399 Mass. 431 (1987). The first step in that analysis is the recognition that the "fundamental requirement of due process is the opportunity to be heard 'at a meaningful time and in a meaningful manner.' " *Mathews, supra* at 333. Beyond that *Mathews* calls attention to three factors:

> "First, the private interest that will be affected by the official action; second, the risk of an erroneous deprivation of such interest through the procedure used, and the probable value, if any, of additional or substitute procedural safeguards; and, finally, the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." (Internal citations omitted). *Id*. at 335.

In weighing these factors, *Mathews* explains that "[d]ue process is flexible and calls for such procedural protections as the particular situation demands." *Id*. at 334.

Applying these generalities to the status of the medical examiner's report, we must attend to two matters: first, the governmental interest in giving the report what is called in the statute "prima facie" status, and second, the effect of that status in the scheme in which contestants' rights — workers'

---

[2]Although *Mathews* is seen as more permissive in some respects than the earlier case of *Goldberg* v. *Kelly*, 397 U.S. 254 (1970), the differences relate to when a postdeprivation hearing satisfies due process. Neither O'Brien nor the reviewing board raises any issue here regarding the timing of the hearing relative to the deprivation.

as well as insurers' — are adjudicated. Since its inception, the workers' compensation scheme was intended to provide compensation more quickly, less costly, and more informally to workers injured in industrial accidents than the tort system for which it was intended to substitute. Issues of fault are largely irrelevant and, as in any insurance scheme, the central issues are the fact and the extent of injury and whether the injury occurred in the context of the employment. Questions regarding the injury often involve medical judgments, and it soon became apparent that the simplification intended by the scheme was often defeated as both workers and insurers produced one or even several medical experts. The resulting "dueling doctors" phenomenon, while perhaps increasing accuracy of determination in some cases, drove up the cost and lengthened the delays in getting compensation into the hands of injured workers where it was deserved. By giving the report of a single presumably impartial medical examiner, either chosen by the parties or by the judge from a list of impartial experts,[3] the Legislature hoped to squeeze out these costs and shorten these delays. There can be no question that squeezing out this delay and expense results in an over-all benefit to workers, employers and insurers.

There is, however, a question whether this efficiency in general, purchased by depriving individual contestants of the opportunity to offer their own evidence by their own experts, comes at too high a price. In answering that question, it is important to place this particular provision regarding the status of the medical examiner's report in the context of the proceedings as a whole. In *Murphy* v. *Commissioner of the Dep't of Indus. Accidents*, 415 Mass. 218, 223-225 (1993), we summarized the course of those proceedings:

> "In 1991, the Legislature chose to overhaul the procedures by which injured workers (claimants) may seek compensation under the Act. See St. 1991, c. 398. As amended, the relevant portions of the Act establish four distinct procedural stages. The Act provides for an informal conciliatory proceeding in which the claimant

[3]O'Brien asserts that the roster of impartial medical experts is in reality not impartial at all but tends rather to be aligned with the interests of insurers. This is not a complaint that is open for consideration in a facial challenge to the scheme.

and his or her employer's insurer must cooperate with a conciliator in an effort to settle the case. G. L. c. 152, § 10. See 452 Code Mass. Regs. § 1.08 (1993). If the claimant and the insurer do not reach an agreement, they may elect to submit the case to binding arbitration. G. L. c. 152, §§ 10, 10B. If arbitration is not sought, the unresolved claim is referred to the Industrial Accident Board (board) of the department. *Id.* at §§ 10, 10A.

"The referral of a claim to the board triggers the second stage of the process: a 'conference' before an administrative judge of the department. *Id.* at § 10A. See 452 Code Mass. Regs. § 1.10 (1993). The conference procedure was enacted (St. 1971, c. 974) to allow the board 'to expedite compensation claims without the necessity of a full hearing.' *Assuncao's Case*, 372 Mass. 6, 9 (1977). At the conference, the parties must 'identify the issues in dispute' and 'produce a summary of any anticipated testimony.' G. L. c. 152, § 10A (1). The parties may also make oral arguments and submit evidence such as reports of injury, affidavits, or medical records. Within seven days after the conference, the judge must issue a written order stating whether and to what extent relief should be granted. *Id.* at § 10A (2).

"A party aggrieved by the judge's order may trigger the third stage of the review process: a 'hearing' of his or her claim. G. L. c. 152, § 11. See 452 Code Mass. Regs. § 1.11 (1993). If the aggrieved party's claim involves a disputed medical question, an 'impartial medical examiner' must be appointed. G. L. c. 152, § 11A. The impartial examiner must evaluate the claimant's condition and set forth his or her findings in a report. At the hearing, the report constitutes prima facie evidence of disputed medical issues. *Id.* The parties may not submit additional reports or depositions of other physicians 'by right.' *Id.* However, the administrative judge may authorize the submission of such additional evidence if warranted by 'the complexity of the medical issues involved or the inadequacy of the report submitted by the impartial medical examiner.' *Id.* The administrative judge, based on the evidence presented at the hearing, then renders a decision." (Footnotes omitted.)

A facial challenge to the provision giving prima facie status to the impartial medical examiner's report can succeed only if it necessarily precludes one of the parties from fairly being able to make out his position on the disputed issue. The reviewing board and O'Brien argue that such an impediment exists because a party may be precluded from offering whatever medical evidence and testimony he might wish at the hearing or third stage of the proceedings. This complaint fails as a facial objection for two related reasons.

First, § 11A (2) provides explicitly that "the administrative judge may, on his own initiative or upon a motion by a party, authorize the submission of additional medical testimony when such judge finds that said testimony is required due to the complexity of the medical issues involved or the inadequacy of the report submitted by the impartial medical examiner." Thus, if the judge performs this function correctly, the parties will be granted the very right they seek in any case where this additional testimony would serve some legitimate function. The facial challenge must come down to the claim, then, that the presentation of additional medical testimony is a right even where medical issues involved are not complex or the impartial medical examiner's report is adequate. Undoubtedly in a criminal proceeding a defendant has a broad right to present what testimony he chooses, although even there he may be precluded from offering testimony the judge deems irrelevant or merely cumulative. See, e.g., *Commonwealth* v. *McDonough*, 400 Mass. 639, 646 (1987); *Commonwealth* v. *Lopez*, 383 Mass. 497, 500 n.2 (1981); *Commonwealth* v. *Sheeran*, 370 Mass. 82, 86 (1976); *Commonwealth* v. *Carter*, 39 Mass. App. Ct. 439 (1995). We know of no rule of due process that gives a party such an unrestricted right in an administrative proceeding even in the face of testimony deemed wholly sufficient to present fairly the issue in controversy. Furthermore, § 11C allows an appeal to the reviewing board, which shall reverse the decision of the administrative judge if it is "arbitrary, capricious or contrary to law." The reviewing board may also, "when appropriate, recommit a case before it to an administrative judge for further findings of fact." Certainly a decision by the administrative judge to foreclose further medical testimony where such testimony is necessary to present fairly the medical issues would represent grounds either for reversal or

recommittal. In any case where these procedures still failed to offer a party an opportunity to present testimony necessary to present fairly the medical issues, there then might well be failure of due process as applied in that case.

A second reason that O'Brien's facial challenge must fail is that there is, in a very real sense, an opportunity for the claimant to develop and put before the relevant decision makers medical testimony she considers favorable to her claim. The impartial medical examiner will have before him any medical records relevant to the issues before him. See § 11A (2) ("[claimant] to submit to such examiner all relevant medical records, medical reports, medical histories, and any other relevant information requested"). That means that at least the claimant and perhaps the insurer may procure, if they wish, medical reports bearing on their contentions and that they will be able to offer these to the impartial medical examiner for his consideration. Thus the examiner, as to the prescribed medical issues, stands in the position of a master or arbitrator who has considered evidence from both parties and whose determination of the medical issues the administrative judge reviews in the stage three hearing.[4] And as a final aspect of the fairness of this procedure, at least in response to a facial challenge, the parties may go so far in challenging the examiner's report as to depose the examiner "for purposes of cross-examination." § 11A (2). In such deposition and cross-examination, the challenging party may inquire into the basis of the examiner's report, whether he considered the medical records and reports submitted to him by that party, how the examiner was able to reach an unfavorable conclusion in the light of such records and reports, and in this way bring these materials to the administrative judge's attention in the stage three hearing and perhaps argue on their strength that the judge should authorize additional medical testimony. The deposition and cross-examination will, of course, be part of the

---

[4]O'Brien anticipates that this is one way of looking at the medical examiner's role in the three-stage process and objects that this would be an improper delegation of judicial authority to a person who, unlike the administrative judge, has not been "sworn in," and does not have "certain responsibilities and obligations attendant to his function." Of course the impartial medical examiner has precisely those "responsibilities and obligations attendant to" the function assigned to him by the statute. As to his not being "sworn in," we fail to see the force of this objection.

record on review before the reviewing board. Thus, although § 11A (2) may use the term "prima facie evidence" in a nonstandard way in referring to the status of the examiner's report in the stage three hearing and although the review of that report is certainly not de novo review, it is open to much more thoroughgoing challenge than would be the report of a master or the determination of an arbitrator. Accordingly, in this respect too, the scheme of the statute, if it is administered fairly and reasonably, gives the contestants ample opportunity to be heard and to have considered the merits of their contentions. That is all that is necessary to meet a facial challenge to the statute.

Finally, it remains for us to respond briefly to O'Brien's and the reviewing board's contention that § 11A must fall because it is inconsistent with the teaching of *Meunier's Case*, 319 Mass. 421 (1946). In that case, G. L. c. 152, § 9B, as appearing in St. 1938, c. 462, which may well be seen as a distant ancestor to § 11A, required that the report of three impartial medical referees be "binding." The referees, like the impartial medical examiner, "may consider and study all pertinent medical and hospital records and other information relative to the claim." *Id*. at 422. We ruled that by this provision "the insurer is deprived of any opportunity to attack, discredit or refute the report and is denied a fair chance to submit evidence to sustain its defence to the claim," *id*. at 423, and for that reason the procedure in § 9B deprived the insurer of due process of law. The Legislature evidently had *Meunier's Case* in mind in devising the new § 11A, for the deposition and cross-examination procedure gives a party the very "opportunity to attack, discredit or refute the report" that was lacking in the earlier statute. There remains the question whether there is "any opportunity to . . . submit evidence to sustain its defence to the claim." As we have shown, there is some opportunity to submit evidence under this scheme and in any particular case the administrative judge may afford a quite sufficient opportunity. In any case where that opportunity is insufficient, the statutory scheme may work a deprivation of due process as applied, but that is not the challenge before us.

Since the reviewing board has remanded O'Brien's claim

for a new hearing, staying that remand only to allow an appeal on the ground that § 11A is unconstitutional on its face, we dismiss the appeal, and note that the stay should be vacated.

*So ordered.*