## Richard S. Higgins's Case.

Suffolk. February 8, 2011. - June 17, 2011.

Present: Ireland, C.J., Spina, Cordy, Botsford, Gants, & Duffly, JJ.

*Workers' Compensation Act,* Impartial medical examiner, Hearing. *Practice, Civil,* Discovery, Deposition. *Evidence,* Medical report, Cross-examination.

The reviewing board of the Department of Industrial Accidents (board) correctly concluded that an employee in a workers' compensation action was entitled to discovery and production of reports made in conjunction with a medical examination conducted pursuant to G. L. c. 152, § 45, where the workers' compensation scheme as a whole supported the view that such reports are discoverable [53-58]; further, the board correctly concluded that the employee was entitled to use such a report in cross-examination at the deposition of the impartial medical examiner appointed pursuant to G. L. c. 152, § 11A, regardless of whether that report had been admitted in evidence or otherwise placed at issue by the employer or insurer [58-63].

Appeal from a decision of the Industrial Accident Reviewing Board.

The Supreme Judicial Court on its own initiative transferred the case from the Appeals Court.

*Holly B. Anderson (Robert J. Riccio* with her) for the insurer.
*Edmund P. Hurley* for the employee.

Duffly, J. Richard S. Higgins (employee) injured his back while working for the school department of Maynard. The employee filed a workers' compensation claim with the Department of Industrial Accidents (department). In connection with that claim, the self-insurer, Massachusetts Education and Government Association (self-insurer), requested that the employee submit to a medical examination pursuant to G. L. c. 152, § 45. The employee sought to compel discovery of the medical report of that examination (§ 45 report), and also to use the report to cross-examine the impartial medical examiner (impartial physician) appointed pursuant to G. L. c. 152, § 11A. The self-insurer appeals from the decision of the reviewing board (board) of the department, finding in favor of the employee on both issues.

We agree that the employee is entitled to obtain a copy of the § 45 report and to use it in cross-examination of the impartial physician, and we therefore affirm the board's decision.

1. *Background.* We summarize the procedural history as well as certain facts found by an administrative judge and the board. On July 12, 2004, the employee injured his back while lifting trash barrels as part of his job for the school department. The employee filed a claim pursuant to § 10 of G. L. c. 152, the workers' compensation act (act). The self-insurer requested that the employee submit to a medical examination by Dr. William Shea, a physician it had selected, as the self-insurer was entitled to do under G. L. c. 152, § 45 ("if requested by the insurer . . . [the injured employee shall] submit to an examination by a registered physician, furnished and paid for by the insurer"). Dr. Shea examined the employee on May 2, 2005. The self-insurer did not file a copy of Dr. Shea's report of his medical examination with the department, and neither Dr. Shea nor the self-insurer furnished a copy of it to the employee.

Following a conference conducted pursuant to G. L. c. 152, § 10A (1), the administrative judge ordered the self-insurer to pay the employee a closed period of total temporary disability benefits, an open period of partial disability benefits, and medical benefits. Disputing the cause of the employee's medical condition, the self-insurer appealed from the conference order and sought a hearing pursuant to G. L. c. 152, § 10A (3). In advance of the hearing, the administrative judge appointed Dr. Nabil Basta as the impartial physician to examine the employee and render an opinion in the form of a report as to the cause and extent of the employee's injury pursuant to G. L. c. 152, § 11A (§ 11A report).[1] The self-insurer did not submit the § 45 report of its examiner Dr. Shea to the impartial physician for consideration, nor otherwise make use of the § 45 report in defending against the employee's claim.

On July 8, 2005, shortly before the impartial physician was

---

[1] As discussed in part 4, *infra,* G. L. c. 152, § 11A (2), provides for the appointment of an impartial medical examiner (impartial physician) when a workers' compensation claim advances to the hearing stage of the proceedings and involves a disputed medical issue. The § 11A report constitutes prima facie evidence of the contested medical issue at the hearing. G. L. c. 152, § 11A (2).

to conduct the impartial examination, the employee sought by motion to compel discovery of Dr. Shea's § 45 report. The administrative judge took no action, effectively denying the motion.[2] The impartial physician examined the employee and issued his impartial medical report on July 12, 2005. The employee requested and received permission to depose the impartial physician as permitted under G. L. c. 152, § 11A (2).[3] A transcript of the deposition, which took place on October 25, 2006, was submitted to the administrative judge. The impartial physician's report and deposition testimony constituted the sole medical evidence regarding the employee's injury placed before the administrative judge.

The administrative judge adopted the impartial physician's opinion as set forth in the § 11A report, and found that the employee suffered from a preexisting chronic degenerative disc disease that had been aggravated by a work-related injury. The administrative judge also found, in accordance with the impartial physician's opinion, that the impairment resulting from this injury had resolved by the date of the impartial physician's § 11A examination on July 12, 2005, and therefore ordered discontinuance of the employee's partial disability benefits as of that date.

In his appeal to the board pursuant to G. L. c. 152, § 11C, the employee argued in relevant part that he should have been permitted to discover Dr. Shea's § 45 report and to use that report in cross-examining the impartial physician at deposition. The board agreed, concluding in essence that employees who are subject to examinations conducted pursuant to G. L. c. 152, § 45, are entitled to discovery and production of reports made in connection with such examinations. The board also concluded that due process concerns and the unique role of the § 11A

---

[2]The parties agree, and we proceed on the assumption, that the motion was filed on July 8, 2005, although the record before us does not include evidence of its filing.

[3]The hearing before the administrative judge commenced on January 31, 2006. On that date, the employee testified and the impartial physician's report was submitted in evidence. In addition to requesting permission to depose the impartial physician, the employee sought to admit additional medical evidence. The administrative judge deferred ruling on the motion for additional medical evidence until after the deposition, and the motion was subsequently denied.

impartial examiner in the workers' compensation scheme supported the employee's use of the § 45 report to cross-examine the impartial physician.[4] The self-insurer appealed to the Appeals Court, G. L. c. 152, § 12 (2); we transferred the case to this court on our own motion.

2. *Standard of review.* We review decisions of the board in accordance with the standards set forth in G. L. c. 30A, § 14 (7) (*a*)-(*d*), (*f*), and (*g*). *Scheffler's Case*, 419 Mass. 251, 257-258 (1994). Among the reasons we may reverse or modify a decision of the board is if it is "[i]n excess of the statutory authority or jurisdiction of the agency"; "[b]ased on an error of law"; "[m]ade upon unlawful procedure"; or is "[a]rbitrary or capricious, an abuse of discretion, or otherwise not in accordance with law." G. L. c. 30A, § 14 (7) (*b*)-(*d*), and (*g*). See *Scheffler's Case, supra* at 258 n.4. Although decisions of the board interpreting the act are entitled to substantial deference, see *Gateley's Case*, 415 Mass. 397, 399 (1993), "ultimately the 'duty of statutory interpretation is for the courts.' " *Moss's Case*, 451 Mass. 704, 709 (2008), quoting *Slater's Case*, 55 Mass. App. Ct. 326, 330 (2002). We have observed that in interpreting the act, "its words must be given their plain and ordinary meaning," but also that the act "is to be construed broadly, rather than narrowly, in the light of its purpose and, so far as reasonably may be, to promote the accomplishment of its beneficent design." *McCarty's Case*, 445 Mass. 361, 364 (2005), quoting *Taylor's Case*, 44 Mass. App. Ct. 495, 499 (1998). See *Young* v. *Duncan*, 218 Mass. 346, 349 (1914). We must also consider the act "as a whole . . . so that the various portions taken together shall constitute a harmonious and consistent legislative enactment." *Price* v. *Railway Express Agency, Inc.*, 322 Mass. 476, 480 (1948).

3. *Discovery of the § 45 report.* We agree with the board that

---

[4]The reviewing board (board) of the Department of Industrial Accidents (department) concluded that the employee should "be granted the opportunity to cross-examine the impartial physician, using the report of the [G. L. c. 152, § 45,] medical expert [(§ 45 report)]," and that the self-insurer should "bear the costs associated with the further deposition." It is plain from the context of the board's decision that the reference to "the further deposition of Dr. Shea" is an error and that the intended reference was to Dr. Basta, the impartial physician.

the employee is entitled to obtain a copy of the § 45 report prepared at the behest of the self-insurer. To reach this conclusion, the board relied on dictum in *Anzalone* v. *Massachusetts Bay Transp. Auth.*, 403 Mass. 119, 121 n.4 (1988), in which this court stated that, in a workers' compensation proceeding, an employee's "right to obtain copies of medical reports [made in connection with examinations of the employee by physicians for the employer or insurer] is adequately provided for by G. L. c. 152 . . . §§ 20, 20A and 30A." Because the question of the employee's right to obtain such medical reports was not directly before the court in the *Anzalone* case, that issue was not fully developed or discussed.[5] We now consider the issue in light of the parties' claims, beginning with an examination of the relevant statutory provisions.

Section 20 of G. L. c. 152 provides in pertinent part:

> "All medical records and reports of hospitals, clinics and physicians of the insurer, employer, or of the employee shall be filed with and open to the inspection of the division so far as relevant to any matter before it. Such reports shall be open to the inspection of any party."

On its face, the requirement that "all" medical reports of physicians of the insurer must be filed and open to inspection appears to include the § 45 report.[6] In the context of a workers' compensation proceeding, all medical reports relating to the

---

[5]In *Anzalone* v. *Massachusetts Bay Transp. Auth.*, 403 Mass. 119, 120 (1988), a police officer for the Massachusetts Bay Transportation Authority (MBTA) sued, alleging the MBTA had engaged in unfair or deceptive acts in its handling of his workers' compensation claim. In its summary of the proceedings, the court included the fact that the officer had filed a claim for workers' compensation benefits and that "the MBTA sent [the employee] to a number of physicians for examinations and evaluations [but] refused to supply [the employee] with copies of the medical reports." *Id.* at 121. In a footnote, the court adverted to the employee's right to obtain copies of the reports despite the fact that the status of the workers' compensation claim was not at issue on appeal. *Id.* at 121 n.4.

[6]The board does not assert that the § 45 report is subject to mandatory filing, and we have not discovered any statute or regulation that imposes sanctions for the failure to file, in contrast to G. L. c. 152, § 30A, which imposes the sanction of civil fines on a physician who fails to furnish to the employee "[a]ny medical report pertaining to an injury which appears to be compensable . . . ." See note 10, *infra*.

employee's work-related injury are relevant and are therefore subject to the mandates of G. L. c. 152, § 20. A medical report that has not been filed, but is subject to the filing requirement, would thus be subject to discovery by the employee.

The self-insurer asserts that G. L. c. 152, § 20, does not apply to nontreatment medical reports such as those created pursuant to G. L. c. 152, § 45. In support of this view, the self-insurer relies primarily on language in G. L. c. 152, § 45, which permits the insurer to require the employee to submit to ongoing medical examinations and requires "the insurer to file with the division a copy of the report of its examining physician or physicians if and when such report is to be used as the basis of any order by the division."[7] The self-insurer argues that this provision imposes a separate filing requirement for § 45 reports that only comes into play if the self-insurer intends to proffer the report as a basis for a decision of the department. Because it did not have such intent, the self-insurer argues, it was not obligated to file the report with the department. We disagree that the language of these statutes supports this view.[8] See *Halebian* v.

[7]General Laws c. 152, § 45, reads, in pertinent part:

> "After an employee has received an injury, and from time to time thereafter during the continuance of his disability he shall, if requested by the insurer or insured, submit to an examination by a registered physician, furnished and paid for by the insurer or the insured. The employee may have a physician provided and paid for by himself present at the examination. If a physician provided by the employee is not present at the examination, it shall be the duty of the insurer to file with the division a copy of the report of its examining physician or physicians if and when such report is to be used as the basis of any order by the division. If the employee refuses to submit to the examination or in any way obstructs it, his right to compensation shall be suspended, and his compensation during the period of suspension may be forfeited."

[8]See *DaLomba's Case*, 352 Mass. 598, 600, 602 (1967) (noting that "self-insurer had failed to file at least one [report by self-insurer's physician who examined employee] with the board as required by G. L. c. 152, § 20"). Section 45 of G. L. c. 152 is primarily concerned with the rights and obligations of insurers, employers, and employees in monitoring an employee's ongoing medical condition, whereas the filing obligations under G. L. c. 152, § 20, are linked to the inspection rights of the department and the parties. Viewed in the context of the entire workers' compensation scheme, see *Price* v. *Railway Express Agency, Inc.*, 322 Mass. 476, 480 (1948), we think G. L. c. 152, § 45, creates a separate and additional filing obligation in circumstances where a

*Berv*, 457 Mass. 620, 628 (2010) (maxim of "negative implica-
tion" is guide to statutory construction, not positive command,
and should not be followed where doing so would frustrate
legislative intent). Wholly apart from any filing requirement,
the workers' compensation scheme as a whole supports the
board's view that the § 45 report is discoverable.

Broad discovery by a party of medical reports procured by
another party is consonant with the workers' compensation
scheme, which provides an alternative to traditional tort litiga-
tion by creating an insurance-based remedy for work-related
injuries. See *Saab* v. *Massachusetts CVS Pharmacy, LLC*, 452
Mass. 564, 566-567 (2008). Contested issues in workers'
compensation proceedings often revolve around "the fact and
extent of injury," and the substantive and procedural provisions
of the act and related regulations are designed to facilitate
resolution of those issues in a speedy, fair, and transparent man-
ner by increasing the flow of medical information among the
employee, the insurer, and the department.[9] *O'Brien's Case*,
424 Mass. 16, 20-25 (1996). See *Scheffler's Case*, 419 Mass.
251, 255-257 (1994); *Murphy* v. *Commissioner of the Dep't of
Indus. Accs.*, 415 Mass. 218, 222-225 (1993).

---

§ 45 report "is to be used" as a basis for department decision-making. We
note that the statute does not specifically state that it must be the insurer who
seeks to use the report for this purpose.

[9]See, e.g., G. L. c. 152, § 7G (authorizing department to "promulgate rules
setting forth the required documentation to be attached to any claim [which]
shall be a prerequisite for the acceptance of said claim"); 452 Code Mass.
Regs. § 1.07 (2008) (listing various forms of medical documentation required
to be filed with certain claims); 452 Code Mass. Regs. § 1.08(7) (2008)
(requiring for all contested claims that claimant provide at conciliation "all
relevant medical records completed and available to the claimant . . . which
contain any history of the injury . . . or which contain opinions by medical
personnel as to the nature and causation of the injury or condition being
treated"); G. L. c. 152, § 10A (1) (granting administrative judge broad author-
ity to "require and receive reports of injury, signed statements of the employee
and any witnesses, medical, hospital, and rehabilitation records, and other
written and oral matter" for consideration at conference); 452 Code Mass.
Regs. § 1.10 (3) (2008) (same); G. L. c. 152, § 20A (requiring insurer or
employer who maintains a clinic, dispensary, or hospital for treatment of
injured employees to furnish any employee attending such facility "with cop-
ies of all reports of all medical examinations . . . showing the history obtained,
the nature of the treatment given or prescribed, the diagnosis and the
prognosis"). See also G. L. c. 152, § 5; 452 Code Mass. Regs. § 1.12(2) and
(4)(a) (2008), discussed in text.

Consistent with the act's goal of transparency is the filing and inspection provision in G. L. c. 152, § 20 (providing that "all" medical reports relevant to workers' compensation proceeding must be filed with department and open to inspection of all parties). See G. L. c. 152, § 30A (employees shall be furnished with copies of medical reports).[10] Thus, although G. L. c. 152, § 45, itself does not provide that the report of the insurer's physician must be furnished to the employee, G. L. c. 152, §§ 20 and 30A, reflect the Legislature's intent to make medical reports, including § 45 reports, generally available to employees and, if such reports are not voluntarily provided, to make them the subject of compelled discovery.

That the employee's right of access and inspection translates to a right of compelled discovery also finds support in the liberal provisions for discovery of medical records and reports provided by the act and department regulations. General Laws c. 152, § 5, grants authority to the department to promulgate rules and regulations authorizing "a party, on or after the filing of any [workers' compensation claim], to serve on any party, employer or medical provider rendering medical treatment to the claimant, a request to produce, and permit the party making such request to inspect and copy, any medical notes, treatment reports and employment records." Of particular relevance is the regulation providing that on "written motion of an appropriate party, the administrative judge . . . may require . . . any request for discovery, including any request submitted under 452 [Code Mass. Regs. §] 1.12(1) or (2) [(2008)], be complied with." 452

---

[10]General Laws c. 152, § 30A, provides in pertinent part: "Any medical report pertaining to an injury which appears to be compensable shall be furnished by the physician or other medical provider to the employee, the insurer, and the department . . . ." Department regulations interpreting G. L. c. 152, § 30A, require only that reports made following "an initial medical examination by an attending physician of an employee, or of any subsequent examination by such physician indicating a change in the capacity of an employee" must be so furnished. 452 Code Mass. Regs. § 1.13(1) (2008). See L.Y. Nason, C.W. Koziol, & R.A. Wall, Workers' Compensation § 16.7, at 495 (3d ed. 2003). Cf. *Young* v. *Evans Delivery*, 23 Mass. Workers' Comp. Rep. 391, 401 n.11 (2009) (noting "treating orthopedic surgeon," who was not primary care physician, was required by G. L. c. 152, § 30A, and 452 Code Mass. Regs. § 1.13[1] [(2008)] to furnish medical reports to department and each party); L.Y. Nason, C.W. Koziol, & R.A. Wall, *supra* at § 16.7 (discussing "discovery procedure contained in" G. L. c. 152, § 30A).

Code Mass. Regs. § 1.12(4)(a) (2008).[11] By providing that an administrative judge may order compliance with "any request for discovery, including" that specifically provided for in 452 Code Mass. Regs. § 1.12(2), this regulation grants the administrative judge broad authority to order discovery that is not limited to the reports of medical treatment providers but may include the reports of examinations by a § 45 medical examiner. This interpretation is consistent with decisions of the board that reflect the practice of permitting liberal discovery of a variety of records containing medical information. See, e.g., *Young* v. *Evans Delivery*, 23 Mass. Workers' Comp. Rep. 391, 404-406 (2009) (all medical records of employee's treating physician, including correspondence from employee's attorney kept in employee's medical chart, discoverable by employer); *DiReeno* v. *Massachusetts Bay Transp. Auth.*, 5 Mass. Workers' Comp. Rep. 242, 244 n.4 (1991) (administrative judge allowed employee's motion to produce report of physician retained by self-insurer that was neither offered at conference nor at hearing by self-insurer).

We therefore agree with the board that the employee was entitled to obtain a copy of the § 45 report through discovery.[12]

4. *Use of § 45 report to cross-examine the impartial physician.* The appointment of an impartial physician pursuant to

---

[11]Under 452 Code Mass. Regs. § 1.12(2), any party may, after the filing of a workers' compensation claim, "serve on any other party, employer or medical provider rendering treatment to the claimant, a request to produce, and permit the party making the request to inspect and copy, any medical notes [and] treatment reports."

[12]Our decision is consistent with the legislatively indorsed public policy, expressed in other chapters of the General Laws, that individuals who are required to submit to medical examinations or evaluations at the request of other parties, particularly employers or insurers, have a right to obtain copies of reports and records generated by those examinations. See, e.g., G. L. c. 149, § 19A (employer requiring physical examination of employee obligated to furnish employee with copy of medical report on request); G. L. c. 175, § 111F (injured person entitled to copy of medical reports of examinations commissioned by insurer under liability policies); G. L. c. 175, § 113J (injured person entitled to copy of medical reports of examinations commissioned by motor vehicle liability insurer); G. L. c. 175I, § 8 (obligating insurance company in possession of individual's personal information, including medical records, to provide same to individual on request); G. L. c. 112, § 12CC (health care provider shall on request provide to patient copies of provider's medical examination records).

G. L. c. 152, § 11A (2), is intended "to avoid or minimize situations where 'dueling doctors' present conflicting medical evidence concerning the nature and cause of the employee's injury and the degree of disability." *Scheffler's Case, supra* at 257. Because of the impartial physician's unique role in the workers' compensation scheme, we agree with the board that the employee must be able to use the § 45 report to cross-examine the impartial physician.

Appointment of an impartial physician is mandated when a workers' compensation claim involving a disputed medical issue has advanced to the hearing stage of department proceedings. See G. L. c. 152, § 11A (2); *Murphy* v. *Commissioner of the Dep't of Indus. Accs., supra* at 224. The impartial physician's report, which must reflect determinations regarding both the cause and extent of disability,[13] is "admitted into evidence at the hearing" before the administrative judge, where it "constitute[s] prima facie evidence of the matters contained therein." G. L. c. 152, § 11A (2). Materials, including medical records and reports, may be submitted for consideration in connection with the impartial physician's report. See *O'Brien's Case,* 424 Mass. 16, 23-24 (1996); *Murphy* v. *Commissioner of the Dep't of Indus. Accs., supra* at 223-224. Thus, the impartial physician is akin to a master who considers evidence submitted by the parties and "whose determination of the medical issues the administrative judge reviews" at the hearing. *O'Brien's Case, supra* at 23.

Except in limited circumstances, the procedure set forth in G. L. c. 152, § 11A (2), does not contemplate direct admission

---

[13]General Laws c. 152, § 11A (2), provides in pertinent part:

"The impartial medical examiner . . . shall examine the employee and make a report [which shall], where feasible, contain a determination of the following: (i) whether or not a disability exists, (ii) whether or not any such disability is total or partial and permanent or temporary in nature, and (iii) whether or not within a reasonable degree of medical certainty any such disability has as its major or predominant contributing cause a personal injury arising out of and in the course of the employee's employment. Such report shall also indicate the examiner's opinion as to whether or not a medical end result has been reached and what permanent impairments or losses of function have been discovered, if any. . . . Either party shall have the right to engage the impartial medical examiner to be deposed for purposes of cross examination."

in evidence of additional medical testimony, or of medical records or reports of doctors engaged by an employee, employer, or insurer. Such additional medical evidence may be admitted only on a finding by the administrative judge that it is necessary "due to the complexity of the medical issues involved or the inadequacy of the report submitted by the impartial medical examiner."[14] G. L. c. 152, § 11A (2). See *O'Brien's Case, supra* at 22.

A procedure that limits the presentation of relevant evidence and relies on the impartial physician to provide prima facie evidence of the cause and extent of disability in the context of a workers' compensation claim risks denying a party (and, in particular, an employee) the opportunity fairly to present that party's position on the disputed medical issue, which, in the tort context, a party would do by offering his or her own medical evidence. *Id.* at 19-24. See *Meley's Case,* 219 Mass. 136, 139 (1914) (provisions of act "to be construed liberally for the protection of the injured employee, whose rights to compensation [at common law] [the act] has taken away"). Thus, the § 11A (2) procedure must permit "the claimant to develop and put before the relevant decision makers medical testimony she considers favorable to her claim." *O'Brien's Case, supra* at 23. This is accomplished, in part, by the ability of the parties (1) to submit "medical records relevant to the issue[]" for consideration in connection with the impartial physician's report, and, once the report has issued, (2) to depose the impartial physician regarding relevant facts and information. *Id.* at 23-24. G. L. c. 152, § 11A (2).[15]

We are here concerned only with the deposition of the impartial

---

[14]We agree with the board that the workers' compensation scheme contemplates that medical records and reports submitted to the impartial physician may be brought into the record through their consideration by the impartial physician or by the impartial physician's deposition. Such medical records and reports, whether submitted by the employee, the employer, or the insurer, are intended to contribute to formulation of the impartial physician's opinion or to a showing that additional medical evidence is necessary. See G. L. c. 152, § 11A (2); *O'Brien's Case,* 424 Mass. 16, 23-24 (1996).

[15]General Laws c. 152, § 11A (2), imposes an obligation on employees to "submit to such examiner all relevant medical records, medical reports, medical histories, and any other relevant information requested" but does not impose a corresponding duty on employers or insurers. Pursuant to 452 Code Mass. Regs. § 1.14(2) (2008), on the appointment of an impartial physician,

physician. Through cross-examination of the impartial physician at deposition, the parties have the opportunity to "inquire into the basis of [the impartial physician's] report [and the impartial physician's] unfavorable conclusion in the light of [submitted medical] records and reports, and in this way bring these materials to the administrative judge's attention [at the] hearing and perhaps argue on their strength that the judge should authorize additional medical testimony." *O'Brien's Case, supra* at 23. Such materials may also be used to "attack, discredit or refute" the impartial physician's report. *Id.* at 24, quoting *Meunier's Case*, 319 Mass. 421, 423 (1946). By providing to the impartial physician supplemental material that was unavailable to the party at the time of the impartial examination and § 11A report, the deposition also provides a party with an additional opportunity to inform the impartial physician's opinion. See *Cheetham* v. *US Mfg. Co.*, 19 Mass. Workers' Comp. Rep. 351, 354 n.5 (2005) (party cannot "be denied the right, if sought, to develop the impartial [physician's] opinion regarding the medical issues in dispute" through deposition).

The self-insurer argues that an employee may not use a § 45 report in cross-examination of an impartial physician because, unless and until the self-insurer places such a report at issue, it constitutes inadmissible hearsay. We address this claim briefly, even though in the procedural posture of this case, we do not know what the report contains or what use the impartial physician will make of it. The self-insurer's position rests on the principle that an expert's opinion, including that of an impartial physician, must "be based solely on the expert's 'direct personal knowledge' or [otherwise] admissible evidence," *Patterson* v. *Liberty Mut. Ins. Co.*, 48 Mass. App. Ct. 586, 592 (2000), quoting *Commonwealth* v. *Roman*, 414 Mass. 235, 238 (1993), and that the only hearsay exception for admission of medical reports provided by department regulations is limited to "medical reports prepared by physicians engaged by said party." 452 Code Mass. Regs. § 1.11(6) (2008).

---

"the administrative judge shall submit to the [impartial physician] all approved medical records, any hypothetical fact patterns and any stipulations of fact." The impartial physician may also "request medical records and reports from providers who have treated the employee prior to the date of the selection or appointment of the impartial physician."

The argument fails. As G. L. c. 152, § 11A, expressly provides, the deposition is "for purposes of cross examination." Pursuant to § 11A, the impartial physician's report, containing his or her opinions on the matters considered, is already in evidence, and is entitled to be treated as prima facie evidence. The cross-examination permitted in the deposition is designed to test those opinions. That the impartial physician may change his or her opinion as a result of the deposition, see, e.g., *Iandosca* v. *Rotman Elec. Co.*, 10 Mass. Workers' Comp. Rep. 558, 560-561 (1996), and that additional medical information presented at the deposition may form the basis of the impartial physician's revised opinion, see, e.g., *Leppo* v. *Rusco Steel Co.*, 17 Mass. Workers' Comp. Rep. 499, 500-501 (2003), does not change the basic fact that the deposition is primarily for cross-examination.

Even if we assume, without deciding, that a party who cross-examines the impartial physician is confined to independently admissible evidence, the argument still fails. Expert opinions, including those of an impartial physician, may be based "on facts or data not in evidence if the facts or data are independently admissible and are a permissible basis for an expert to consider in formulating an opinion." *Department of Youth Servs.* v. *A Juvenile*, 398 Mass. 516, 531 (1986). See Mass. G. Evid. § 703 (2011). Thus, a § 45 report need not itself be admissible, but only the report's underlying facts or data. Medical reports in general are "independently admissible" at department hearings pursuant to G. L. c. 233, § 79G.[16] See *Wheeler* v. *Yellow Freight Sys., Inc.*, 17 Mass. Workers' Comp. Rep. 194, 200 n.2 (2003); *Mendez* v. *Foxboro Co.*, 9 Mass. Workers' Comp. Rep. 641, 646-647 (1995). A medical report of another physician is also "of the sort that experts in that specialty reasonably rely on in

---

[16]Section 79G of G. L. c. 233 states in pertinent part:

"In any proceeding commenced in any court, commission or agency . . . reports, including hospital medical records . . . or any report of any examination of [an] injured person . . . shall be admissible as evidence of . . . the diagnosis of said physician or dentist, the prognosis of such physician or dentist, the opinion of such physician or dentist as to proximate cause of the condition so diagnosed, the opinion of such physician or dentist as to disability or incapacity, if any, proximately resulting from the condition so diagnosed . . . ."

forming their opinions." *Department of Youth Servs.* v. *A Juvenile, supra* at 532.[17]

Based on the foregoing, we conclude that, in the context of the workers' compensation scheme, a report of a physician's examination of an employee procured by the employer or insurer under § 45, that is related to the employee's work-related injury, may be used by the employee to cross-examine the impartial physician, regardless of whether such a report has been admitted in evidence at a hearing or otherwise placed at issue by the employer or insurer.

5. *Conclusion.* The decision of the reviewing board is affirmed and the matter is remanded to the department for further proceedings consistent with this opinion.

*So ordered.*

---

[17]The self-insurer cites *Ramacorti* v. *Boston Redevelopment Auth.*, 341 Mass. 377, 379 (1960), for the proposition that the opinion of its expert as reflected in the § 45 report should not be deemed "independently admissible" by an opposing party absent a finding that it is fair and necessary to do so. Under our common law, "an expert witness [including an expert employed by the opposing party] can be required, without the payment of expert fees, to give an opinion already formed." *Id.*, citing *McGarty* v. *Commonwealth*, 326 Mass. 413, 417-418, cert. denied, 340 U.S. 886 (1950). However, we have stated that "[s]uch discretionary 'power would hardly be exercised unless . . . necessary for the purposes of justice.' " *Ramacorti* v. *Boston Redevelopment Auth.*, *supra*, quoting *Barrus* v. *Phaneuf*, 166 Mass. 123, 124 (1896).

We question whether this common-law principle is applicable in a workers' compensation proceeding because it would frustrate the intent of the impartial physician scheme that seeks to replace the use of dueling experts in tort litigation. See *Scheffler's Case*, 419 Mass. 251, 257 (1994). Nevertheless, the principle would support admission in this case. Under *Ramacorti* v. *Boston Redevelopment Auth.*, *supra*, in determining whether it is "necessary for the purposes ·of justice" to allow a party to admit an opposing party's expert opinion, we consider "whether in the circumstances it is fair for one party to acquire the expert opinion of one who has already been engaged by his adversary." *Id.* In the context of workers' compensation proceedings, it would likely be viewed as both "fair" and "necessary for the purposes of justice" to allow employees to offer the § 45 reports in evidence, given that: (1) G. L. c. 152, § 45, mandates that employees submit to such examinations as requested by insurers; (2) the opinions in such reports are already formed and readily accessible; (3) employers and insurers have notice of the contents of such reports and can authenticate the reports, having procured them; and (4) it is established department practice to admit employee medical records or medical reports offered by insurers or employers.